# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JUNE 1997 SESSION



FILED

July 16, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| **JEFFERY D. YATES,** | ) |
| | ) C.C.A. No. 02C01-9608-CR-00276 |
| Appellant, | ) |
| | ) Shelby County |
| V. | ) |
| | ) Honorable Bernie Weinman, Judge |
| | ) |
| **STATE OF TENNESSEE,** | ) (Post-Conviction: Ineffective Assistance |
| | ) of Counsel) |
| Appellee. | ) |

FOR THE APPELLANT:

A C Wharton, Jr.
Shelby County Public Defender

On Appeal
Walker Gwinn
Assistant Public Defender

At Trial
Donna Armstard
Assistant Public Defender
Criminal Justice Complex
201 Poplar, Suite 201
Memphis, TN 38103

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter

Sarah M. Branch
Counsel for the State
450 James Robertson Parkway
Nashville, TN 37243-0493

William L. Gibbons
District Attorney General

Reginald Henderson
Assistant District Attorney General
Criminal Justice Complex
201 Poplar, Suite 301
Memphis, TN 38103

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Jeffery D. Yates, was convicted by a jury of especially aggravated kidnapping, aggravated kidnapping, and attempted aggravated robbery. He was sentenced to eighteen years for the especially aggravated kidnapping, ten years for the aggravated kidnapping, and five years for the attempted aggravated robbery. His sentences are to be served concurrently. The appellant filed a pro se petition for post-conviction relief alleging ineffective assistance of counsel, and then his appointed attorney filed an amended petition for post-conviction relief. Also, a second pro se amended petition was filed with the court. The trial court denied the appellant relief at a post-conviction hearing. We affirm.

On appeal, the appellant argues that he was denied effective counsel because his attorney failed to properly investigate his case or prepare for trial. Because the appellant was a juvenile at the time of the crimes, he received a hearing in Juvenile Court before being transferred to Criminal Court. The appellant claimed that no witness identified him at the hearing; and had his attorney requested a transcript of this hearing or had he listened to the tape of the hearing, the appellant would have been acquitted of the charges. Also, the appellant alleges that his attorney was ineffective for failing to visit the scene of the crime.

The state argues that the appellant's attorney was effective. The state contends that the appellant has not shown how his attorney's failure to obtain the transcript of the transfer hearing prejudiced his case, having failed himself to present a copy of this transcript during his post-conviction hearing and having failed to show how this transcript would result in his acquittal.

With regard to the appellant's argument, the appellant's attorney testified that he discussed the juvenile court transfer hearing with the appellant. Also, the attorney stated that he interviewed the state's witnesses and the appellant's girlfriend once or twice before trial; and he stated that he told the appellant that his co-defendant's testimony at trial would be damaging to the appellant. The attorney denied that the appellant gave him the names of any other possible witnesses. Furthermore, the attorney testified at the post-conviction hearing that he was fully prepared for trial, having discussed the case with the appellant on several occasions before trial and having discussed the indictments and possible ranges of punishment with him as well. The attorney explained that he did not file any pretrial motions because there was an open file regarding discovery in the case.

The appellant's attorney reviewed the psychiatric examination of the appellant that was completed in January 1992. Because that examination determined that the appellant was competent to stand trial, the attorney did not order another examination. Although the appellant's attorney obtained a settlement offer which included a five-year concurrent sentence, the judge would not accept the plea because the appellant testified that he was not guilty.

To be granted relief on the ground of ineffective assistance of counsel, an appellant must establish that the advice given or the services rendered were not within the competence demanded of attorneys in criminal cases and that, but for counsel's deficient performance, the result of his or her trial would have been different. Strickland v. Washington, 466 U.S. 668 (1984). In Tennessee, the appropriate test is whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975).

In post-conviction proceedings, petitioners bear the burden of proving their allegations by a preponderance of the evidence. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990); McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983). Furthermore, the trial court's findings of fact in post-conviction hearings are conclusive on appeal unless the evidence preponderates against those findings. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990); State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983); Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978).

This Court finds that the appellant has failed to carry the burden of establishing that his attorney was ineffective. Because the evidence does not preponderate against the hearing court's findings, we affirm that court's judgment.

 

                          _____

                          PAUL G. SUMMERS, Judge

CONCUR:

_____

DAVID H. WELLES, Judge

_____

JOE G. RILEY, Judge