IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

SEPTEMBER 1995 SESSION



**FILED**

**August 27, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| JAMES RONALD ROLLINS, | ) | |
| | ) | |
| Appellant, | ) | NO. 03C01-9412-CR-00440 |
| | ) | |
| | ) | HAMILTON COUNTY |
| V. | ) | NO. 198332 |
| | ) | |
| | ) | HON. RUSSELL C. HINSON, JUDGE |
| STATE OF TENNESSEE, | ) | |
| | ) | ( Post-conviction on especially |
| | ) | aggravated robbery) |
| Appellee. | ) | |

FOR THE APPELLANT:

Barton C. Solomon
CRUTCHFIELD & SOLOMON
100 East Tenth Street, Suite 401
Chattanooga, Tennessee 37402

FOR THE APPELLEE:

Charles W. Burson
Attorney General and Reporter

Amy L. Tarkington
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee 37243

William H. Cox, III
District Attorney General

David Denny
Assistant District Attorney General
600 Market Street, Suite 310
Chattanooga, Tennessee 37402

OPINION FILED: _____

Affirmed

Lee Russell, Special Judge

**OPINION**

The Petitioner appeals from the trial court's dismissal of his Petition for Post-Conviction Relief. The Petitioner alleges that he was denied his rights under the Sixth Amendment to the Constitution of the United States because he received ineffective assistance of counsel at his sentencing hearing following a plea of guilty to especially aggravated robbery. The Petitioner alleges that at the sentencing hearing, his attorney failed to challenge one of the six prior convictions that formed the basis for the sentencing judge's determination that the Petitioner should be sentenced as a career offender. This court finds that the Petitioner failed to meet his burden of proof to show that he received ineffective assistance of counsel, and the court affirms the dismissal of the Petition for Post-Conviction Relief.

Petitioner James Ronald Rollins was indicted in Hamilton County, Tennessee, in 1990, on a charge of especially aggravated robbery. On October 9, 1990, the date on which the Petitioner was scheduled to be tried by a jury in Division II of the Criminal Court of Hamilton County, Tennessee, the Petitioner entered a plea of guilty to the charge on which he was indicted. A sentencing hearing was conducted on February 1, 1991, and the Petitioner was sentenced to sixty years at sixty percent as a career offender. The sentencing judge's determination that the Petitioner was a career offender was based upon Tennessee Code Annotated § 40-35-108(a)(1), which requires a finding of six prior convictions of class A, B, or C felonies. At the sentencing hearing, appointed counsel for the Petitioner asked the trial judge to rule on whether the State's exhibits concerning the Petitioner's prior convictions were sufficient to prove six prior convictions of the classes necessary to find the Petitioner to be a career offender under Tennessee Code Annotated § 40-35-108(a)(1). Counsel for the Petitioner also challenged the sufficiency of the State's Notice to Seek Enhanced Sentencing.

The trial judge found that the State had proved the necessary prior convictions, and the Petitioner appealed his sentence to the Court of Criminal Appeals. The issue on appeal was the sufficiency of the Notice to Seek Enhanced Sentencing. No issue was

2

raised on appeal as to the characterization of any of the six prior felony convictions. The Court of Criminal Appeals affirmed the sentence. On September 23, 1993, the Petitioner filed a Petition for Post-Conviction Relief asserting that he had been denied his right to the effective assistance of counsel guaranteed by the Sixth Amendment to the Constitution of the United States. A hearing was held in the trial court on July 18, 1994, and the trial judge dismissed the Petition. The Petitioner has appealed the dismissal to this court.

The Petition initially alleged multiple mistakes by the Petitioner's counsel related to his guilty plea and the subsequent sentencing hearing. However, the Petitioner on appeal now pursues only a single issue related to his attorney's competence. The Petitioner claims that one of his six prior convictions, a 1980 conviction for burglary in Cook County, Illinois, should not have been treated as a class A, B, or C felony for purposes of determining the Petitioner to be a career offender. None of the other five prior convictions is challenged. The Petitioner asserts that his counsel at the sentencing phase failed to investigate and research the Illinois conviction and failed to object to its introduction at the sentencing hearing. The Petitioner asserts that his counsel failed to challenge on appeal the trial judge's determination that the 1980 Illinois conviction was at least a class C felony for purposes of determining the Petitioner's status as a career offender.

It is undisputed that in 1980, the Defendant entered a plea of guilty to burglary in Cook County, Illinois, and received a sentence of three years. The Petitioner asserts that in 1980, the State of Illinois did not distinguish among various classifications of burglary based upon either the nature of the structure entered or the infliction of injury to an

occupant of the structure. The Illinois judgment is in evidence, but it does not recite the factual basis for the plea to the charge of burglary. The only evidence in the record on what the factual basis was for the Illinois burglary conviction is the Petitioner's testimony at the post-conviction hearing. The Petitioner testified that he was intoxicated, that he

believed himself to be at the door of his own apartment building (which was twenty-five yards up the street), that he could not get in and therefore broke the glass in the door to gain entry, and that the building was in fact an accounting office containing a few tables and chairs.

Only two witnesses testified at the post-conviction hearing. The Petitioner testified that the Illinois incident occurred as described above. The attorney who had represented the Petitioner in his guilty plea and at the sentencing hearing and appeal in the Tennessee robbery case testified for the State at the post-conviction hearing. The attorney recalled investigating the six prior convictions and concluding that they all qualified as class A, B, or C felonies. The trial judge at the post-conviction hearing made an express finding that he did not believe the Petitioner's testimony concerning the facts that led to the Illinois conviction, and he observed that the Illinois judge must not have believed the Petitioner's version of the facts if he accepted the Petitioner's guilty plea and sentenced the Petitioner to three years. The trial judge at the post-conviction hearing concluded that the Illinois conviction had been a class C felony and that the assistance by the Petitioner's counsel at the sentencing hearing had not been ineffective.

The Sixth Amendment of the United States Constitution and Article 1, § 9 of the Tennessee Constitution require that a defendant in a criminal case receive effective assistance of counsel. See *Baxter v. Rose,* 523 S.W.2d 930 (Tenn. 1995). The appropriate test for determining whether counsel provided effective assistance is whether his or her performance was within the range of competence demanded of attorneys in criminal cases. *Id.* at 936. In *Strickland v. Washington,* 466 U.S. 668 (1984), the United States Supreme Court applied a two-prong test to determine whether effective assistance had been rendered. First, a petitioner for post-conviction relief must show that the representation was deficient by showing that counsel made errors so serious that he or she was not functioning as "counsel" as guaranteed by the Sixth Amendment, and second, that the deficient representation prejudiced the defense to such an extent that the petitioner was deprived of a fair resolution of the charges against him or her. To

4

succeed, the petitioner must show that there is a "reasonable probability," that is, a probability sufficient to undermine confidence in the outcome, that, but for counsel's unprofessional errors, the results of the proceeding would have been different. *Id.* at 694. The defendant must establish that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Id.* at 687. In post-conviction proceedings, the petitioner has the burden of proving the allegations in his or her petition by a preponderance of the evidence. See *McBee v. State*, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983). The findings of the trial court in post-conviction hearings are conclusive on appeal unless the evidence preponderates against the judgment. See *State v. Buford,* 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983); *Clenny v. State,* 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978).

The Petitioner contends that his 1980 Illinois conviction for burglary should not have been counted as one of the six prior convictions for class A, B, or C felonies necessary to qualify the Defendant as a career offender. Tennessee Code Annotated § 40-35-108(b)(5) provides as follows concerning including felonies in jurisdictions other than Tennessee for purposes of establishing career offender status:

> "Prior convictions" includes convictions under the laws of any other state, government, or country which, if committed in this state, should have constituted an offense cognizable by the laws of this state. In the event that a felony from a jurisdiction other than Tennessee is not a named felony in this state, the elements of the offense shall be used by the Tennessee court to determine what classification the offense is given.

The Petitioner contends that the offense in Illinois as it existed in 1980 was named simply "burglary." The Petitioner contends therefore that the offense is a named felony in Tennessee and that in fact it is the same offense that is called burglary in Tennessee Code Annotated § 39-14-402 entitled "Burglary." The Tennessee offense of simple burglary is a class D or class E felony, depending on whether the entry is of a building or a motor vehicle. The Defendant argues that therefore the Illinois conviction could not be counted as a class C felony for purposes of establishing career offender status and

5

that to have allowed its use was ineffective representation by defense counsel at the sentencing hearing.

The Petitioner contends that in 1980, Illinois had only one general offense of burglary, which proscribed entry without authority into a "building, house trailer, watercraft, aircraft, motor vehicle . . ., railroad car, or any part thereof, with intent to commit therein a felony or theft." Ill. Code 39 § 19-1. The offense carried three to seven years. No distinction was made based on the nature of the building (a habitation or not) or based on the infliction of injury on the victim. In Tennessee, the "burglary" defined in Tennessee Code Annotated § 39-14-402 is that of a building "other than a habitation" or is burglary of a motor vehicle. "Aggravated Burglary" as defined in Tennessee Code Annotated § 39-14-403 is that of "any structure, including buildings, model units, mobile homes, trailers and tents, which is designed or adapted for the overnight accommodation of persons . . . ." "Especially Aggravated Burglary" is defined in Tennessee Code Annotated § 39-14-404 as a burglary of a habitation in which the victim suffers bodily injury.

There is not merely a single "named" offense of burglary in Tennessee to which the 1980 Illinois burglary statute can be matched under Tennessee Code Annotated § 40-35-108(b)(5) to classify that prior conviction. The Petitioner had the burden of proof to prove which of the three versions of burglary in Tennessee has the elements of the offense committed by the Petitioner in Illinois. Introduction of the Illinois judgment did not meet this burden because it did not describe the crime as to the nature of the structure entered or as to whether there was injury of an occupant involved. Therefore the Petitioner had the burden to prove by other evidence that the conviction did not involve the entry of a habitation.

The Petitioner attempted to meet his burden by testifying that his entry was an accidental entry into a substantially empty business. The trial judge did not believe this account, and the trial judge's factual findings on the credibility of this witness are conclusive on appeal unless the evidence preponderates against the findings. See *Blade*

6

*v. State,* 794 S.W.2d 725, 755 (Tenn. Crim. App. 1990). The trial judge was clearly correct when he concluded that the Petitioner's version of the facts was incredible, especially as the trial judge in Illinois had accepted the Petitioner's guilty plea and sentenced him to three years. It is highly unlikely that the Petitioner was, as he testified, too intoxicated to ascertain the difference between the front door of his own residential building and the front door of an accounting business while at the same time he had the clarity of thought to take note of and recall the contents of that building, in spite of being apprehended by officers as soon as the glass of the front door was accidentally broken.

It is also noted that nowhere in the record of the post-conviction hearing was the Illinois statute as it existed in 1980 introduced. The State did not stipulate the contents of that statute. It is true that the Petitioner appended to his brief on appeal what purports to be a photostatic copy of the statute, but it was not introduced at the hearing, and the trial judge did not have the benefit of it in the record upon which he rendered his decision. Production of the statute was again the burden of the Petitioner.

Because the Petitioner has failed to prove that the Illinois conviction was not a class C felony, he has failed to meet his burden to prove that defense counsel's representation was deficient or that but for the deficiency the Petitioner would not have been sentenced as a career offender. The dismissal of the Petitioner's Petition for Post-Conviction Relief is affirmed.


_____LEE RUSSELL, SPECIAL JUDGE



CONCUR:


_____
WILLIAM M. BARKER, JUDGE

7

_____
JOHN K. BYERS, SENIOR JUDGE