IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

OCTOBER 1997 SESSION

FILED

January 27, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | |
| | ) | NO. 01C01-9610-CC-00427 |
| Appellee, | ) | |
| | ) | MAURY COUNTY |
| V. | ) | |
| | ) | Hon. James L. Weatherford |
| JERRY DALE DUFFEY | ) | |
| | ) | (Post Conviction) |
| Appellant. | ) | |
| | ) | |

For the Appellant

William C. Bright
Assistant Public Defender
22nd Judicial District
209 W. Madison Street
Pulaski, TN. 38478

For the Appellee

John Knox Walkup
Attorney General & Reporter

Karen M. Yacuzzo
Assistant Attorney General
2nd Floor Cordell Hull Building
425 Fifth Avenue North
Nashville, TN. 37243-0943

T. Michael Bottoms
District Attorney General
P.O. Box 459
Lawrenceburg, TN. 38464

Robert C. Sanders
Assistant District Attorney General
10 Public Square
P.O. Box 1619
Columbia, TN. 38402

OPINION FILED:_____

AFFIRMED

WILLIAM M. BARKER, JUDGE

OPINION

The appellant, Jerry Dale Duffey, appeals as of right the Maury County Circuit Court's dismissal of his petition for post-conviction relief. On May 10, 1994, appellant entered a plea of *nolo contendere* on the charges of theft over five hundred ($500) dollars and deceptive business practices. The trial court sentenced the appellant to two (2) years on the theft conviction and to six (6) months on the conviction of deceptive business practices. The sentences were ordered to run concurrently to each other and to sentences that the appellant was already serving for convictions in Marshall County.[1] No direct appeal was taken from the Maury County convictions at issue in this proceeding.[2]

After a careful review of the record, we find no reversible error and affirm the judgment of the trial court.

On November 22, 1995, the appellant filed a *pro-se* petition for post-conviction relief alleging that: (1) His trial counsel was ineffective in the investigation and development of his case; (2) The State prosecuted him on malicious grounds; and (3) The trial court failed to follow Rule 11 of the Tennessee Rules of Criminal Procedure in accepting his plea of *nolo contendere*.[3] Through a newly appointed counsel, the appellant filed an amended petition, containing the above stated grounds.

Following an evidentiary hearing, the trial court dismissed appellant's petition upon finding no evidence of malicious prosecution and finding that the appellant's counsel provided the proper assistance as required under <u>Baxter v. Rose</u>, 523 S.W.2d

---

[1] In a related case from Marshall County, the appellant was convicted by a jury on twenty-seven (27) counts of theft of property by fraud and/or deceit. The trial judge, acting as a thirteenth juror, reduced the number of convictions to twenty four and sentenced the appellant to fourteen (14) years and one (1) month in the Tennessee Department of Correction. Those convictions were affirmed on direct appeal to this Court. <u>See</u> <u>State v. Jerry Dale Duffey</u>, No. 01C01-9501-CC-00017 (Tenn. Crim. App. at Nashville, July 26, 1995).

[2] The appellant began serving his two (2) year sentence in the Tennessee Department of Correction on May 10, 1994. By the time of his post-conviction hearing on July 23, 1996, he had completed that sentence. Currently, he is still serving the fourteen (14) year sentence that he received from convictions in Marshall County.

[3] The appellant's petition was filed under the Post Conviction Procedure Act of 1995. Tenn. Code Ann. §§ 40-30-201 -- 310 (Supp. 1996).

930, 936 (Tenn. 1975). As to appellant's plea of *nolo contendere*, the trial court found that the appellant was properly informed regarding the nature of the charges, the penalties involved, and his constitutional rights of trial by jury, assistance of counsel, and the right to plead not guilty. The trial court further found that there was a sufficient determination of fact to support the acceptance of appellant's plea.

On appeal, the appellant contends that the trial court erred in denying his petition for post-conviction relief based upon the ineffective assistance of his trial counsel and his alleged unintelligent, involuntary plea of *nolo contendere*. Under the Post Conviction Procedure Act of 1995, the appellant has the burden of proving those allegations by clear and convincing evidence. See Tenn. Code Ann. § 40-30-210(f) (Supp. 1996).

The appellant first contends that he is entitled to post-conviction relief based upon the ineffective assistance of his trial counsel. He argues that counsel provided constitutionally deficient assistance by failing to interview the alleged victims or witnesses and by failing to obtain discovery before advising the appellant to enter a plea agreement. He further argues that he would not have entered his plea if counsel had properly investigated the case to find that the State's evidence was weak.

This issue is without merit.

To prevail on a claim of ineffective assistance of counsel, the appellant must demonstrate by clear and convincing evidence that the advice or services provided by his counsel fell below the range of competence demanded of attorneys in criminal cases. See Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Moreover, he must show "prejudice" by proving that, but for counsel's incompetence, the result of the trial proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694, 104 S.Ct. 2052, 2064, 2067-68 (1984); Best v. State, 708 S.W.2d

3

421, 422 (Tenn. Crim. App. 1985).[4] In cases involving a guilty plea or plea of *nolo contendere*, the appellant must show "prejudice" by demonstrating that, but for counsel's errors, he would not have pled guilty and would have insisted upon going to trial. See Hill v. Lockart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985); Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991).

The trial court found that the representation provided by appellant's counsel did not fall to the level of ineffective assistance. The trial court based its finding upon evidence that appellant's counsel provided competent advice and strategy in explaining to the appellant the nature of the case, his constitutional rights, his option of entering a plea agreement, and the risks of proceeding at trial.

In post-conviction proceedings, the trial courts findings of fact "are conclusive on appeal unless the evidence preponderates against the judgment." See State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983). In appellant's case, we find no evidence to controvert the findings of the trial court. The record reflects that the appellant's counsel acted with reasonable diligence and competency in representing the appellant before and during the plea hearing.

At the time appellant was indicted and charged in Maury County, his counsel was preparing a motion for a new trial in the related case in Marshall County. Counsel advised the appellant that the facts involved in both cases were virtually identical and that, in light of his convictions in Marshall County, the appellant risked being convicted in Maury County if he took the case to trial.[5] Counsel explained to the appellant that by accepting the State's plea agreement, he would receive an effective two (2) year

---

[4]The Strickland standard has been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. See State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989), *cert. denied*, 493 U.S. 874 (1989).

[5]The charges of theft and deceptive business practices arose from the appellant's operation of a cemetery and tombstone company in Marshall County, Tennessee. The appellant owned and operated the business from 1992 until October 1993. During that time, twenty-seven customers in Marshall County and two customers in Maury County complained that they never received the services or tombstones that they had purchased. The appellant's defense in the Marshall County trial was that his company salesmen were solely responsible for the theft and deceptive business practices.

4

sentence that would run concurrently to his sentence in Marshall County. Thus, although counsel informed the appellant of his right to plead not guilty and to receive a trial by jury, he encouraged the appellant to enter a plea of *nolo contendere* and eliminate the possibility of receiving additional jail time.

In reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from the counsel's prospective at the time." See Strickland, 466, U.S. at 689, 104 S.Ct. At 2065; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). We have reviewed counsel's conduct under those guidelines and we find no evidence to disturb the trial court's finding that appellant's counsel provided competent representation.

Having determined that appellant's counsel provided reasonable and competent representation, we conclude that a review of any alleged prejudice is unnecessary.

The appellant next contends that he is entitled to post-conviction relief based upon a constitutionally invalid plea of *nolo contendere*. He argues that the trial court failed to determine if a factual basis existed for his plea, thereby rendering it involuntary and unintelligent.

This issue is without merit.

A challenge to a guilty plea or plea of *nolo contendere* is cognizable in a petition for post-conviction relief where the petitioner asserts that his plea was made contrary to the constitutional requirements of intelligence and voluntariness.[6] Rule 11 of the Tennessee Rules of Criminal Procedure sets forth strict guidelines for accepting guilty pleas and pleas of *nolo contendere* to ensure that those constitutional

---

[6]In the landmark case of Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969), the United States Supreme Court held that in order for a guilty plea to be constitutionally valid, the trial court must fully advise the defendant that he is waiving his privilege against self-incrimination, his right to a trial by jury, and his right to confront his accusers. Under Boykin, the defendant must voluntarily enter his plea with the understanding that he is waiving those constitutional rights. See id.

requirements are upheld.[7]

Before a guilty plea or plea of *nolo contendere* may be accepted, the trial judge "must address the defendant personally in open court and inform the defendant of, and determine that he or she understands..." the nature of the charges, the range of penalties associated with those charges, and the right to plead not guilty and proceed with a trial by jury. See Tenn. R. Crim. P. 11(c). The trial judge must inform the defendant that in a trial by jury, he has the right to receive legal counsel, to confront and cross-examine witnesses, and to be free from compelled self-incrimination. See id. Additionally, the trial judge must explain to the defendant that by entering a plea of guilt or *nolo contendere*, the defendant is waiving his rights associated with a trial by jury and may be questioned by the court regarding the offense at issue. See id.

Rule 11 also requires the trial judge to determine if the defendant's plea is voluntary and accurate. To ensure that the plea is voluntary, the trial judge must question the defendant in open court to find whether the plea is the result of any threat, coercion, or promise apart from a plea agreement. See Tenn. R. Crim. P. 11(d). To ensure accuracy, the trial judge must review the facts of the case and determine if there is a factual basis for the defendant's plea. See Tenn. R. Crim. P. 11(f).[8]

The appellant contends that his plea of *nolo contendere* is constitutionally invalid because the trial court failed to determine if a factual basis existed for the plea. He argues that the trial court's alleged omission caused him to enter an involuntary and unintelligent plea.

We agree that under Rule 11, the trial judge was required to determine if a

---

[7]Rule 11 essentially adopts the requirements established by our supreme court in State v. Mackey, 553 S.W.2d 337, 341 (Tenn. 1977). Although those requirements are not necessarily constitutional in nature, they serve to ensure that a plea of guilt or *nolo contendere* is constitutionally sound as being entered into voluntarily, intelligently, and understandingly. See State v. Miller, 634 S.W.2d 615, 617-18 (Tenn. Crim. App. 1981).

[8]See also State v. Turner, 919 S.W.2d 346, 352 (Tenn. Crim. App. 1995); Chamberlain v. State, 815 S.W.2d 534, 539 (Tenn. Crim. App. 1990).

6

factual basis existed for appellant's plea of *nolo contendere.* However, we find that the trial judge made a sufficient inquiry of the underlying facts before accepting the appellant's plea. During the plea hearing, the trial judge questioned the appellant about the charges and issues involved in the Marshall County case. Appellant's counsel responded that both the Marshall County case and the Maury County case arose from appellant's operation of a cemetery and monument company in Marshall County. Counsel further explained that the present case involved the same "type" business transaction, except that the victims lived in Maury County. From those facts, the trial judge concluded that there was a sufficient basis for the appellant's plea of *nolo contendere*.

Furthermore, the trial judge exercised great care to address the appellant in open court and to explain the nature of the case, the possible penalties, and the appellant's constitutional rights. The trial judge informed the appellant that he had the right to plead not guilty and to proceed with a trial by jury. Appellant was fully informed that in a trial by jury he would have the right to legal counsel, the right to cross examine any witness, and the right to be free of compelled self-incrimination. Under oath, the appellant responded that he understood the proceedings, including his constitutional rights, the nature of the charges, and the penalties available in his case.

Next, the trial judge informed the appellant that by entering a plea of *nolo contendere*, he was thereby waiving his right to a jury trial and would be subject to a conviction and sentence by the court. The trial judge further explained that his plea would allow the court and the State to question him regarding the charged offenses. Appellant responded under oath that he understood the consequences of waiver and that he nevertheless wished to enter his plea. Appellant assured the trial court that he was fully capable of understanding the proceedings and that his plea was not the product of any threats or coercion.

Based upon the open court discussion, the trial court concluded that the

7

appellant's plea was voluntary and intelligent. We find no evidence to disturb that finding and therefore conclude that the appellant's petition for post-conviction relief was properly dismissed.

Accordingly, the judgment of the trial court is affirmed.

_____
WILLIAM M. BARKER, JUDGE

CONCUR:

_____
JOE B. JONES, Presiding Judge

_____
JOE G. RILEY, JUDGE