**STATE of Tennessee, Appellee,**

v.

**Sam BUFORD, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Dec. 29, 1983.

Permission to Appeal Denied by Supreme Court March 19, 1984.

Sam P. Bradley, Memphis, for appellant.

William M. Leech, Jr., State Atty. Gen. & Reporter, Gordon W. Smith, Asst. State Atty. Gen., Nashville, Robert H. Gay, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

BYERS, Judge.

The appellant appeals from the dismissal of his petition for post-conviction relief after an evidentiary hearing. In this appeal, he challenges the trial court's finding that the appellant was not denied the competent assistance of counsel in the convicting trial.

The judgment is reversed.

On July 6, 1979, appellant Sam Buford was convicted of the unlawful possession of heroin with the intent to sell, and he was sentenced to serve not less than ten years nor more than fifteen years and to pay a fine of eighteen thousand dollars. The defendant's attorney did not file a timely notice of appeal and his attempt to appeal the case was frustrated.

Subsequently, the appellant filed a post-conviction petition alleging, among other things, incompetency of counsel in which he cited the untimely notice of appeal as one basis for his allegation. The trial court granted a delayed appeal but did not conduct an evidentiary hearing into the incompetency of counsel allegation in the petition. On May 13, 1982, this Court affirmed the conviction obtained at the original trial but remanded the case for an evidentiary hearing on the allegation of incompetency of counsel. That is the case now before us.

This record discloses that Buford was represented at the preliminary hearing by an attorney other than the attorney who represented him at the convicting trial. On the day of the preliminary hearing, a James White approached the attorney and told him the drugs which Buford was charged with possessing belonged to him. White told the attorney he wished to make a statement to the police and admit the drugs belonged to him. The attorney advised White of the jeopardy in which he was placing himself by such statement. Nevertheless, White was taken to the police by the attorney and made a statement in which he claimed the drugs were his.

After Buford retained other counsel, the original attorney discussed this matter with trial counsel. The original attorney was at the convicting trial, waiting outside the courtroom to testify about the statement White had made. In addition to this, there was a second witness, who had been interviewed by trial counsel, who would have

testified that White had told him the drugs belonged to him. Further, there was a third witness, whom trial counsel had interviewed, who would have testified he had seen White drop the drugs on the floor when the police entered the home of Buford.

White was called as a defense witness for Buford at the convicting trial. White recanted the statement given by him to the police and claimed he was coerced and intimidated into making the statement. None of the available witnesses was called to present independent substantive evidence or to rebut White's recantation.

At the hearing on the post-conviction petition, the original attorney testified he did not see any intimidation of White by the police. The other witnesses testified that they would have testified at the convicting trial, if called, of White's statements of ownership and actions at the time the police entered the residence.

Buford's attorney at the convicting trial testified he did not call one of these witnesses because the witness had been convicted of a drug offense in 1962 and he felt this would hurt the case. He testified he did not call the witness who would testify that he had seen White drop the drugs on the floor because the witness told him on another occasion he had merely seen them on the floor near White after the officer entered the residence. The trial attorney testified he did not call the original attorney on the issue because he did not think the attorney would add anything new to the case.

The trial attorney admitted that the crux of the case against Buford was the ownership of the drugs. Counsel testified he felt the state's case was not substantial and no further evidence was needed.

In his finding of fact and conclusion of law, the trial judge found that the failure to call these witnesses were legitimate tactical decisions of the trial attorney and did now show trial counsel to be incompetent.

■ It is true as the state points out that the findings of the trial judge on post-conviction hearings are conclusive on appeal unless the evidence preponderates against the judgment. *Graves v. State*, 512 S.W.2d 603 (Tenn.Cr.App.1973); *Myers v. State*, 3 Tenn.Cr.App. 414, 462 S.W.2d 265 (1970). In our view, the evidence in this case preponderates against the finding of the trial judge.

■ Where a claim of incompetency of counsel is alleged, this Court will not reverse the finding of the trial judge dismissing such petition if the action of trial counsel was based upon legitimate trial tactics and strategy. *State v. Martin*, 627 S.W.2d 139 (Tenn.Cr.App.1981). However, if the record shows the action of trial counsel, in the circumstances shown, has no rational or logical basis, then the legitimacy of the tactics employed must be scrutinized under the requirement of *Baxter v. Rose*, 523 S.W.2d 930 (Tenn.1975).

■ The convicting trial attorney testified that he did not call one of the witnesses because he had been convicted of possession of drugs in 1962. Further, counsel testified that because this witness was a friend of Buford and living in the same house, his evidence would not help the defense.

Whether the former conviction could have been shown before the jury to impeach this witness's testimony is highly questionable. In *State v. Morgan*, 541 S.W.2d 385 (Tenn.1976), the Supreme Court adopted the federal rule on the use of prior conviction for purposes of impeachment. In this regard, Rule 609(b) provides:

*Time limit.* Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as

calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

From the substantive as well as the procedural posture of this evidence, the conviction would very likely have been inadmissible for purposes of impeachment.

The trial attorney testified that the witness who would have testified that he saw White drop the drugs, had said on another occasion that he saw them on the floor near White and because of this he did not call this witness. In either event, this evidence would have been admissible on the theory the drugs belonged to White.

The explanation of why trial counsel did not call the attorney is incomprehensible. The trial attorney testified he already had White's statement that the drugs were his in the case and the attorney would add nothing new. The fact is, defendant's counsel called White as a defense witness, and White refuted the original statement which he had made. The previous attorney's testimony would have refuted White's recantation.

When the trial counsel called White to the stand and was struck with the recantation, the fat was in the fire. Trial counsel had available to him two witnesses who would have testified White had claimed the drugs were his and one witness who would testify White had possession of these drugs at the time the police arrived at the house. We cannot ascribe the failure of trial counsel to call these witnesses to legitimate trial tactics.

We conclude the actions of the convicting trial attorney did not meet the standards of *Baxter v. Rose, supra*, and the result was that Buford's right to counsel was effectively denied in the original conviction.

We reverse the judgment of the trial court in this case, and set aside the original judgment of conviction in the trial court and our judgment affirming the conviction in *State of Tennessee v. Sam Buford*, No. 84 (Tenn.Cr.App., Jackson, May 13, 1982),

and order that Buford be given a new trial on the charges on which he was originally convicted.

WALKER, P.J., and TATUM, J., concur.