IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JULY 1997 SESSION

FILED

August 15, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| DEBBIE LEE GIVENS, | ) | |
| | ) | C.C.A. NO.  01C01-9608-CR-00372 |
| Appellant, | ) | |
| | ) | DAVIDSON COUNTY |
| VS. | ) | |
| | ) | HON. J. RANDALL WYATT, |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-conviction) |

FOR THE APPELLANT:              FOR THE APPELLEE:


SAM E. WALLACE, SR.            JOHN KNOX WALKUP
   -and-                      Attorney General & Reporter
SAM E. WALLACE, JR.
227 Second Ave. North          CLINTON J. MORGAN
Nashville, TN  37201           Counsel for the State
                              450 James Robertson Pkwy.
                              Nashville, TN  37243-0493

                              VICTOR S. JOHNSON, III
                              District Attorney General

                              NICHOLAS D. BAILEY
                              Asst. District Attorney General
                              222 Second Ave. North
                              Washington Square, Suite 500
                              Nashville, TN  37201


OPINION FILED:_____



**AFFIRMED**


JOHN H. PEAY,
Judge

**O P I N I O N**

A jury convicted the petitioner of aggravated assault on December 9, 1992. After a hearing, she was sentenced as a Range II multiple offender to ten years. On December 4, 1995, the petitioner filed for post-conviction relief. An evidentiary hearing was held, and the post-conviction court dismissed her petition. It is from this dismissal that she now appeals.

In this post-conviction proceeding, the petitioner alleges that her trial counsel were ineffective in their representation. Specifically, she claims that counsel failed to adequately cross-examine the victim and the victim's doctor and that appellate counsel failed to file an application for permission to appeal to the Supreme Court. After a review of the record, we find no merit to these allegations. Thus, we affirm the judgment of the court below.

The petitioner's conviction stems from an incident in which she attacked an eighty-four-year-old man in his home. At trial, an issue for the jury to decide was whether the victim had suffered "serious bodily injury," a material element of the offense with which she was charged. The victim and the victim's doctor testified about the extent of the victim's injuries. The doctor testified that the victim had received a "broken nose" in the altercation and that such an injury is "very painful." The doctor never used the term "extreme physical pain," one of the statutory definitions for serious bodily injury. See T.C.A. § 39-11-106(a)(33). The petitioner now claims that her defense counsel, Rob Robinson and Robert P. Ballinger, were ineffective for not pressing the doctor to explain exactly what he meant by "very painful."

At the post-conviction hearing, the petitioner testified that she thought her attorneys should have asked the doctor more questions about the victim's injuries.

2

Specifically, she testified that they should have asked the doctor what he meant by "very painful." She further testified that she simply felt her attorneys could have done a better job representing her.

Mr. Robinson and Mr. Ballinger also testified at the hearing. Mr. Robinson, an assistant public defender, testified that he had thought the doctor's testimony had been beneficial to the petitioner's case because the doctor did not use the statutory term "extreme physical pain." Thus, he thought it unwise to continue to ask questions which might produce a less favorable answer.

Mr. Ballinger, also an assistant public defender, testified that he too thought the doctor's testimony had been favorable to the petitioner. He testified that he had felt that the State failed to carry its burden of proving to the jury that the victim had suffered "serious bodily injury." He further testified that the victim had not been concise in describing his pain and that the victim's testimony had been sufficiently attacked through cross-examination. Mr. Ballinger testified that he had asked the court for a judgment of acquittal because the State had failed to carry its burden of proof. When the court denied this request, Mr. Ballinger then made the same argument to the jury. After the petitioner's conviction, this issue was raised on appeal.

"In post-conviction relief proceedings the petitioner has the burden of proving the allegations in his [or her] petition by a preponderance of the evidence." McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983). Furthermore, the factual findings of the trial court in hearings "are conclusive on appeal unless the evidence preponderates against the judgment." State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983).

In reviewing the petitioner's Sixth Amendment claim of ineffective

assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of ineffective counsel, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense. There must be a reasonable probability that but for counsel's error the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985).

This Court should not second-guess trial counsel's tactical and strategic choices unless those choices were uninformed because of inadequate preparation, Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982), and counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. Williams v. State, 599 S.W.2d 276, 280 (Tenn. Crim. App. 1980).

In this case, the post-conviction court found that Mr. Robinson and Mr. Ballinger were highly competent and experienced attorneys and that the petitioner failed to carry her burden of proving her allegations by a preponderance of the evidence. We agree.

First, the petitioner has failed to show that her counsel's decisions not to further question the doctor or the victim were in any way ineffective. As noted above, this Court will not second guess the tactical decisions of attorneys. Second, the petitioner has failed to prove that she was in any way prejudiced by her attorneys' representations. She has failed to provide any information that had her attorneys further questioned the doctor or the victim, the answers would have been more favorable to her. Thus, we

4

affirm the conclusion of the trial court.  The petitioner's claim is devoid of merit.

The petitioner's second complaint is that her appellate counsel, Jeffery DeVasher, failed to file an application for permission to appeal to the Supreme Court. The appellant has waived this issue because she has failed to cite authority to support her argument.  Rules of the Court  of Criminal Appeals of Tennessee 10(b); State v. Killebrew, 760 S.W.2d 228, 231 (Tenn. Crim. App. 1988).  In fact, her whole argument on this point consists of two sentences.  However, we briefly note that Mr. DeVasher testified at the post-conviction hearing that after the completion of the petitioner's appeal to this Court, he had filed a motion to withdraw from further representation.  The motion was granted, and Mr. DeVasher informed the petitioner of such.  He also informed her of her right to file an application for permission to appeal and the time deadlines for doing so.  Thus, this issue is also devoid of merit.

For the foregoing reasons, we affirm the judgment of the court below.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
WILLIAM M. BARKER, Judge

_____
JERRY L. SMITH, Judge

5