**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**JULY 1997 SESSION**

FILED

September 10, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO.  03C01-9608-CR-00282 |
| | ) | |
| Appellee | ) | HANCOCK COUNTY |
| | ) | |
| v. | ) | HON. JAMES E. BECKNER, |
| | ) | JUDGE |
| PATRICIA LAWSON, | ) | |
| | ) | Post-conviction |
| Appellant | ) | (attempted aggravated rape; |
| | ) | aggravated assault) |

FOR THE APPELLANT

Herbert Holcomb
101 Church Street
Rogersville, TN 37857

FOR THE APPELLEE

John Knox Walkup
Attorney General & Reporter

Marvin E. Clements, Jr.
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

C. Berkeley Bell, Jr.
District Attorney General

William Floyd Rhea
Assistant District Attorney General
North Court Street
Sneedville, TN 37869

OPINION FILED _____

AFFIRMED

JOHN K. BYERS
SENIOR JUDGE

**O P I N I O N**

On September 26, 1994, the petitioner filed a petition for post-conviction relief in which she asserts the following issues:

A.      Whether Ms. Lawson's plea of guilty was voluntary despite her mental condition at the time said plea was entered?

B.      Whether Ms. Lawson was denied effective assistance of counsel, in that despite her diminished mental capacity at the times surrounding her case preparation and entry of her guilty plea, defense counsel did not move the Court for a mental evaluation.

On December 6, 1995, the trial court conducted an evidentiary hearing on the petition. The record of the plea of guilty was filed in the proceeding and the petitioner and her convicting trial counsel testified.

The petitioner testified she was suffering from mental and emotional problems when she was in jail prior to and at the time of the entry of her plea which made her unable to understand the proceedings and voluntarily waive her rights to trial. The petitioner further testified her attorney was incompetent for not seeking a mental evaluation of her prior to the hearing. In addition to this, the petitioner testified she overdosed on drugs while in jail and that she was on drugs at the time she pled guilty.

Trial counsel testified he did not observe anything to make him believe the petitioner was suffering from any mental, emotional, or drug-related condition that rendered her incapable of understanding what she was doing when she pled guilty.

Counsel testified the evidence of petitioner's guilt of rape was very strong and the plea which was negotiated with the State was done with her knowledge, consent, and participation.

The burden is upon the petitioner to prove the allegations in the petition by a preponderance of the evidence. *McBee v. State* (655 S.W.2d 191 (Tenn. Crim. App. 1983). The trial judge found the petitioner had failed to do so. The findings of the trial judge are conclusive on appeal unless the evidence preponderates against its judgment. *State v. Buford,* 666 S.W.2d 473 (Tenn. Crim. App. 1983).

2

The evidence does not preponderate against the findings of the trial judge and we affirm the judgment.

_____
John K. Byers, Senior Judge

CONCUR:

_____
David H. Welles, Judge

_____
Thomas T. Woodall, Judge