# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### FEBRUARY SESSION, 1998

FILED

March 24, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| ROCKY LEE COKER, | ) | C.C.A. NO. 03C01-9611-CR-00437 |
| | ) | |
| Appellant, | ) | |
| | ) | HAMILTON COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. DOUGLAS E. MEYER, JUDGE |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee. | ) | (POST-CONVICTION) |

FOR THE APPELLANT:      FOR THE APPELLEE:

**ROCKY LEE COKER,** *pro se*      **JOHN KNOX WALKUP**
#108069, STSRCF, Unit 6      Attorney General & Reporter
Route 4, Box 600
Pikeville, TN  37367      **MARVIN E. CLEMENTS, JR.**
     Assistant Attorney General
     2nd Floor, Cordell Hull Building
     425 Fifth Avenue North
     Nashville, TN  37243

     **WILLIAM COX**
     District Attorney General
     600 Market Street, Suite 310
     Chattanooga, TN  37402

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, Rocky Lee Coker, appeals from the order dismissing his *pro se* petition for post-conviction relief in the Criminal Court for Hamilton County. The trial court found that Petitioner's grounds for relief have been previously determined or waived, and that Petitioner did not allege any ground for relief which was created or arose after his prior post-conviction petitions were heard. In this appeal, Petitioner contends that the trial court erred in dismissing his petition on the basis of Tennessee Code Annotated section 40-30-202(a) and on the trial court's failure to allow Petitioner to amend his petition or to submit proof. We affirm the judgment of the trial court.

Petitioner pled guilty to aggravated assault on January 5, 1979 and was convicted of felonious conspiracy to commit an illegal act capable of destroying life or property and felonious possession of explosives in 1981. Petitioner filed a direct appeal from his 1981 convictions, and both convictions were affirmed. Petitioner then filed petitions for post-conviction relief on both the 1979 and 1981 convictions on the basis of an involuntary guilty plea, ineffective assistance of counsel and prosecutorial misconduct. The trial court denied relief on the 1979 conviction but granted a new trial on the 1981 convictions. A panel of this court then reversed the grant of a new trial and affirmed the denial of the post-conviction relief for the 1979 conviction. See Coker v. State, 911 S.W.2d 357 (Tenn. Crim. App. 1995). On April 29, 1996, Petitioner filed a second petition for post-conviction relief, and, following preliminary review, the trial court dismissed the petition. It is this dismissal that Petitioner appeals to our court.

"In post conviction relief proceedings the petitioner has the burden of proving the allegations in his petition by a preponderance of the evidence." McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983). Furthermore, the factual findings of the trial court in hearings "are conclusive on appeal unless the evidence preponderates against the judgment." State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983).

At the time of Petitioner's 1979 and 1981 convictions, Tennessee Code Annotated section 40-30-102 was not yet in effect. After the Post-Conviction Act came into effect on July 1, 1986, Petitioner had a three (3) year period to file a post-conviction petition. Tenn. Code Ann. § 40-30-102 (repealed 1995). The statute of limitation expired on July 1, 1989 for both convictions. See Abston v. State, 749 S.W.2d 487 (Tenn. Crim. App. 1988).

In 1995, the legislature reduced the statutory period for filing post-conviction petitions from three (3) years to one (1) year. Tenn. Code Ann. § 40-30-202(a) (1997 Repl.). Petitioner claims that under the new provisions of the Post-Conviction Procedures Act, he has an additional one (1) year period to file his post-conviction petition. In a recent case, our supreme court held that the 1995 Post-Conviction Procedures Act was intended to restrict the time and opportunity to seek post-conviction relief and was not intended to allow additional time for petitioners whose claims were already barred by the prior statute of limitations. Carter v. State, 952 S.W.2d 417 (Tenn. 1997). This issue has no merit.

In addition, the trial court dismissed the petition on the grounds that Petitioner's grounds for relief had been previously determined or waived. Tenn.

Code Ann. § 40-30-206(b) and (g). In addition to the trial court's determination, a panel of this court has previously decided that Petitioner's plea was knowingly and voluntarily entered and that there was no prejudice resulting from any deficiency in the performance of Petitioner's trial counsel. <u>Coker</u>, 911 S.W.2d at 363-371. Petitioner has not put forth any evidence which preponderates against the findings of the trial court or demonstrated any grounds for relief which arose or was created after his first petition for post-conviction relief was heard. Tenn. Code Ann. § 40-30-206(g)(1). This issue has no merit.

After a review of the record and the applicable law, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
JERRY L. SMITH, Judge

_____
WILLIAM B. ACREE, JR., Judge