IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JANUARY SESSION, 1998

FILED

March 31, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| KENNETH CHEATHAM, | ) | C.C.A. NO. 01C01-9703-CC-00109 |
| | ) | |
| Appellant, | ) | |
| | ) | WILLIAMSON COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. CORNELIA A. CLARK, JUDGE |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee. | ) | (POST-CONVICTION) |

FOR THE APPELLANT:

**JOHN H. HENDERSON**
District Public Defender

**LARRY D. DROLSUM**
Assistant Public Defender
407-C Main Street
P.O. Box 68
Franklin, TN 37065

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**LISA A. NAYLOR**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243

**JOSEPH D. BAUGH, JR.**
District Attorney General

**DEREK K. SMITH**
Assistant District Attorney General
Williamson Co. Courthouse, Ste. G-6
P.O. Box 937
Franklin, TN 37065

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, Kenneth Cheatham, appeals as of right from the order of the Williamson County Circuit Court denying his petition for post-conviction relief. Petitioner was originally charged in a multi-count indictment with four (4) different sales of cocaine, four (4) different charges of delivery of cocaine, and one (1) count of conspiracy to sell or deliver cocaine. He pled guilty to the four (4) counts of sale of cocaine and the charges of delivery of cocaine were dismissed. Petitioner exercised his right to a jury trial on the charge of conspiracy to sell or deliver cocaine and was found guilty. Subsequently, a sentencing hearing was held for the four (4) convictions of sale of cocaine and the conviction for conspiracy. On three (3) of the convictions of sale of cocaine, he received sentences of twelve (12) years on each count to be served concurrently with each other. For the conviction of conspiracy, he also received a six (6) year sentence to be served concurrently. However, the trial court sentenced him to serve a six (6) year sentence for the fourth conviction for sale of cocaine consecutively to the other sentences, for an effective sentence of eighteen (18) years. The Petitioner did not appeal the sentences he received for the convictions of sale of cocaine, but did appeal the conviction and sentence imposed for conspiracy. This court affirmed. See State v. Kenny Cheatham, No. 01C01-9506-CC-00196, Williamson County (Tenn. Crim. App., Nashville, June 11, 1996). At the hearing on the petition for post-conviction relief, the sole issue was whether or not counsel was ineffective during the sentencing hearing and that specifically, as a result of the ineffectiveness of counsel, consecutive sentencing was wrongfully imposed upon Petitioner. We affirm the judgment of the trial court.

-2-

Even though the issue was effective assistance of counsel regarding sentencing and there was testimony by both the Petitioner and his trial counsel regarding events which transpired following the conviction and prior to and during the sentencing hearing, Petitioner devoted a section of his argument in this court to a direct challenge of the propriety of consecutive sentencing. In addition, in his request for relief, he asks this court to modify the sentence within the range and run the sentences concurrently rather than consecutively. This relief cannot be granted in a post-conviction proceeding. The only relief that could be granted to the Petitioner in this petition for post-conviction relief is a setting aside of the judgment. Tenn. Code Ann. § 40-30-211(a). We will therefore confine our review to whether or not the trial court committed error by denying the petition for post-conviction relief insofar as it alleges ineffective assistance of counsel regarding the sentencing proceedings.

In determining whether counsel provided effective assistance at trial level proceedings, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To succeed on a claim that his counsel was ineffective, a petitioner bears the burden of showing that his counsel made errors so serious that he was not functioning as counsel guaranteed under the Sixth Amendment and that the deficient representation prejudiced the petitioner resulting in a failure to produce a reliable result. Strickland v. Washington, 466 U.S. 668, 687, reh'g denied, 467 U.S. 1267 (1984); Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).

When reviewing trial counsel's actions, this court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Counsel's alleged errors should be judged at the time they were made in light of all facts and circumstances. Strickland, 466 U.S. at 690; see Cooper, 849 S.W.2d at 746.

At the hearing for the post-conviction petition, Petitioner testified regarding his trial counsel's representation of him after the convictions but prior to and during his sentencing hearing. Petitioner stated that following his trial and guilty plea hearing, he did not have any contact whatsoever with his trial counsel. Petitioner believed that the sentencing hearing would be to, "[J]ust go in and get some time and come right back out, that's all I thought it would be." He claimed that his attorney never discussed with him his right to present witnesses at the sentencing hearing. As of the date of the post-conviction petition hearing, Petitioner identified four (4) people who would have testified on his behalf regarding his work habits, his employment history, and his personal habits in that he was a drug user but was not a professional criminal. On cross-examination, Defendant admitted that he had numerous prior convictions, including auto burglary, grand larceny, evading the police and possession of cocaine, in addition to those convictions for the sale of cocaine to which he pled guilty. Defendant stated that he began selling cocaine in April 1994, and continued to sell until he was arrested in July 1994. Defendant was earning at least two to three hundred ($200.00 - $300.00) per week from these cocaine sales, and during at least part of that time he was not employed.

Defendant's trial counsel testified that he had ten (10) years experience as a trial attorney including six (6) years as an assistant district attorney general. Trial

counsel stated that their strategy at trial was to wait and see if the confidential informant showed up to testify at the trial, and, if he did not, to try to get the charges dismissed. If the confidential informant did appear to testify, then trial counsel's defense was only to dispute that there was any evidence of a criminal conspiracy. Prior to trial, counsel spoke with most of the witnesses Defendant suggested, but at the post-conviction hearing he did not recall the content of their proposed testimony. The day following the trial, trial counsel wrote Defendant a letter to discuss what had happened at trial and what was coming up at the sentencing hearing. Specifically, the letter stated as follows:

> This letter is written to confirm that on December 8th and 9th, 1994, I appeared on your behalf in Circuit Court for Williamson County, Tennessee, at the trial setting of the captioned matter which represented a prosecution for the sale/delivery of cocaine and conspiracy to sell/deliver cocaine. On December 7th, 1994, you elected to enter pleas of guilty to Counts 1, 3, 5 and 7 representing four counts of sale of cocaine, three counts of Class B felony sale of cocaine with the penalty range of from eight to twelve years to the Tennessee Department of Corrections and a fine range between two thousand and one hundred thousand dollars. Additionally, on December 8th and 9th, 1994, I participated in a trial of Count 9 of the presentment against you which represented a prosecution for the Class C felony of conspiracy to sell and deliver cocaine. That trial resulted in the jury convicting you of that offense and assessing a ten thousand dollar fine.

> Sentencing in regard to all five convictions will occur on Monday, January 23rd, 1995 at 2:00 p.m. The sheriff will transport you to court on that day. I have enclosed copies of the pertinent statutes which the court will be required to consider in sentencing you for your review. If you have any particular witnesses that you desire to be subpoenaed, please inform me of the same at your first convenience so that proper process may issue in a timely manner.

> I've also filed a post-trial motion for judgment of acquittal which I assume will be heard on January 23rd, 1995, also. This is the second opportunity to the court to dismiss the charge against you, meaning the conspiracy charge. If you have any questions or comments concerning your case, please feel free to contact me.

Trial counsel further stated that he had gone over the items in this letter with the Defendant at some time, and he recollected speaking with Defendant regarding the importance of having family members present at the sentencing hearing. At the sentencing hearing, trial counsel still had not been provided with the presentence report for the Defendant. If the report had been prepared prior to the hearing, trial counsel's habit was to have a meeting with the defendant and go over the report, line by line, to discuss its accuracy. Rather than seek a continuance to allow time to obtain and review a presentence report, Defendant wanted to waive that right so that he might receive his sentence and move on with his life. The strategy trial counsel employed was to show the trial court the Defendant's honesty and the change in his life regarding his drug habits. As the intuition of the court is a guiding factor in the sentencing outcome, trial counsel believed that Defendant's honesty, his remorse, his amenability to rehabilitation and drug treatment would appear favorable in the eyes of the trial court. Trial counsel's impression from the Defendant was that Defendant did not want to pursue using proof of character witnesses. Trial counsel further explained that following the sentencing hearing, Defendant chose not to pursue an appeal on the issue of consecutive sentencing because he "understood how and why the court sentenced him as it did." Rather, Defendant only appealed regarding the conspiracy conviction, and waived his rights to appeal any other issue with regard to sentencing on the sale convictions.

In making its ruling at the post-conviction hearing, the trial court assumed that all the statements made by Defendant regarding his potential witnesses' testimony were fact. Ultimately, the trial court determined that counsel in the case sub judice was effective and that specifically nothing that trial counsel did or failed to do could have affected the outcome of the sentence. In light of Defendant's past record and

his conviction of Class B felonies, probation was not a possibility, therefore any possible witnesses on this issue would have been futile to the court's determination. Also, as regarding mitigating factors, the trial court found that those did not apply.

On the issue of trial counsel's ineffectiveness as to consecutive sentencing, the trial court noted that none of Petitioner's proposed witnesses would have affected the imposition of consecutive sentences as the finding that Defendant was a professional criminal was based upon his own testimony. Furthermore, Petitioner admitted to the trial court his history of criminal activity, including auto theft, theft, reckless driving, assault, possession of cocaine, and driving on a suspended license. Either of these two conditions, Petitioner's status as a professional criminal or his history of criminal activity, would have justified consecutive sentencing, and no amount of testimony by any witnesses nor any other trial strategy employed by trial counsel would have allowed the trial court to reach a different result. See Tenn. Code Ann. § 40-35-115(b).

In post-conviction relief proceedings, the petitioner has the burden of proving the allegations in his petition beyond a preponderance of the evidence. McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983). Petitioner failed to prove these allegations by a preponderance of the evidence, and the factual findings of the trial court are, therefore, conclusive on appeal. See State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983). Based upon his testimony at the post-conviction hearing, trial counsel's choices were informed decisions. We will not second-guess his tactical and strategic choices both prior to and during the sentencing hearing.

After a thorough review of the facts, records and the briefs in this matter, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
DAVID H. WELLES, Judge