# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### APRIL 1998 SESSION



**FILED**

**May 18, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| **JOHNNY PARKER,** | ) |
| Appellant, | ) C.C.A. No. 03C01-9706-CR-00214 |
| | ) |
| V. | ) Knox County |
| | ) |
| | ) Honorable Ray L. Jenkins, Judge |
| **STATE OF TENNESSEE,** | ) |
| | ) (Post-Conviction) |
| Appellee. | ) |
| | ) |

FOR THE APPELLANT:

Brandt Davis
Attorney at Law
1707 Cove Creek Lane, Suite 2
Knoxville, TN 37919

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Ellen H. Pollack
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0943

Randall E. Nichols
District Attorney General

Zane Scarlett
Assistant District Attorney General
City-County Building
Knoxville, TN 37902

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Johnny Parker, appeals the denial of post-conviction relief, arguing that he received ineffective assistance from his attorney. In 1992, the appellant was convicted of attempt to commit first degree murder and received a twenty-three year sentence in the Tennessee Department of Correction. The appellant filed a pro se petition for post-conviction relief, and counsel was appointed for the appellant. After a hearing on January 23 and 24, 1997, the trial court denied post-conviction relief.

The appellant's sole issue for review is whether the trial court properly concluded that he received effective assistance of counsel. We affirm.

The appellant argues that he has carried the burden of proving that his attorney was ineffective. Mr. William Talman was appointed to represent the appellant at trial and also represented him on appeal. The appellant, who had a murder charge pending against him, did not testify and did not offer any proof at trial. The appellant was convicted of attempt to commit first degree murder of Jerry Gibson.

Appellant had several complaints about his lawyer. At the post-conviction hearing, the appellant testified that his attorney had met with him approximately three times for fifteen to twenty minutes each time before trial. He had told his attorney about Avonia Tompkins and Jackie Gilmore, witnesses who could provide him an alibi. He had spoken with Curtis Cowan in the penitentiary after his conviction, Cowan was present at the shooting, and knows that the appellant was not the shooter. He says Mr. Talman never discussed the state's evidence or discovery production with him. He was arrested at the location he claimed to have been present as the basis for his alibi. He says he was told that evidence would be presented on his behalf at trial and that he would testify, which he wished to do, but did not do. Furthermore, the appellant contends that no time sheets or records were introduced to indicate how much time counsel actually spent with him pretrial; and no testimony was provided concerning any plea offers and whether they were accepted or rejected by the appellant.

The state argues that the appellant received effective assistance. First, it contends that Mr. Talman met with the appellant on a number of occasions; went to the crime scene several times to investigate; and spoke with the victim, the victim's companion at the time of the crime, and a police officer. Second, the state maintains that Mr. Talman could not locate Jackie Gilmore and had a difficult time getting Avonia Tompkins to speak with him. When she did finally speak with him, she told him that the appellant had not been with her at the time of the attempt on the victim. Therefore, Mr. Talman did not file a notice of an alibi defense because he could not substantiate it. Third, regarding the decision about testifying, Mr. Talman stated that he did discuss with the appellant the trial strategy of the appellant taking the witness stand, but the only thing the appellant could testify to was that he was not the one who had shot the victim. Mr. Talman, though concerned about the appellant's pending murder charge, contends that the appellant made the decision not to testify.

After his permission to appeal had been denied by the Tennessee Supreme Court, the appellant told Mr. Talman that he had met Curtis Cowan in prison and that Cowan would testify that he was at the crime scene, that he had sold the victim cocaine, and that someone else had shot the victim. Although Talman was skeptical of this new information, he had planned to talk to the appellant and Cowan; but before he could, the appellant filed a petition for post-conviction relief. At the post-conviction hearing, Cowan, who was in prison for selling cocaine and for robbery, testified that he had sold cocaine to the victim just before the shooting and that someone with a New York or New Jersey "dialect" had shot the victim.

To be granted relief on the ground of ineffective assistance of counsel, an appellant must establish that the advice given or the services rendered were not within the competence demanded of attorneys in criminal cases and that, but for counsel's deficient performance, the result of his or her trial would have been different. Strickland v. Washington, 466 U.S. 668 (1984). In Tennessee, the appropriate test is whether counsel's performance was within the range of

competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975).

In post-conviction proceedings, petitioners bear the burden of proving their allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210 (1997). Furthermore, the trial court's findings of fact in post-conviction hearings are conclusive on appeal unless the evidence preponderates against those findings. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990); State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983); Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978).

This Court finds that the appellant has failed to carry the burden of establishing that his attorney was ineffective. Based upon the record before us, the appellant's attorney investigated the appellant's case, which included talking to witnesses and visiting the crime scene, and pursued a trial strategy beneficial to the appellant, especially in light of his pending murder charge. At his post-conviction hearing, the appellant admitted that the crux of his complaint was that his attorney did not produce two witnesses to testify at his trial, although neither one of these witnesses would have provided the appellant an alibi, and that his attorney did not represent him "to the fullest of his capabilities." However, the record clearly indicates that the appellant received prudent and competent assistance from Mr. Talman. Therefore, because the evidence does not preponderate against the trial court's findings, we affirm the judgment denying post-conviction relief.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
JERRY L. SMITH, Judge

-4-

_____
CURWOOD WITT, Judge