IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MAY SESSION, 1998

FILED

June 15, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STEPHAN A. THORPE, | ) | C.C.A. NO. 02C01-9709-CR-00357 |
| | ) | |
| Appellant, | ) | |
| | ) | SHELBY COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. JOSEPH B. DAILEY, JUDGE |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee. | ) | (POST-CONVICTION) |

FOR THE APPELLANT:                    FOR THE APPELLEE:


ETANDRA DOUGLAS                       JOHN KNOX WALKUP
46 North Third Street, Suite 725      Attorney General & Reporter
Memphis, TN  38103

                                      MARVIN E. CLEMENTS, JR.
                                      Assistant Attorney General
                                      2nd Floor, Cordell Hull Building
                                      425 Fifth Avenue North
                                      Nashville, TN  37243


                                      JOHN W. PIEROTTI
                                      District Attorney General


                                      JAMES M. LAMMEY
                                      Assistant District Attorney General
                                      Criminal Justice Center, Suite 301
                                      201 Poplar Avenue
                                      Memphis, TN  38103




OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, Stephan A. Thorpe, appeals from the order denying his petition for post-conviction relief. Petitioner was indicted on four (4) counts of aggravated sexual battery. Pursuant to an agreement with the State, Petitioner pled guilty to attempt to commit aggravated sexual battery in violation of Tennessee Code Annotated sections 39-12-101 and 39-13-504 in the Criminal Court of Shelby County. Petitioner also pled guilty to three (3) counts of indecent exposure, although these pleas are not the subject of his petition for post-conviction relief. According to the agreement, he was sentenced as a Range II Offender to serve eight (8) years for the attempted aggravated sexual battery conviction. In his petition for post-conviction relief, Petitioner claimed that his Fifth Amendment right against self-incrimination was violated and his Sixth Amendment right to the effective assistance of counsel was denied. Following an evidentiary hearing, the trial court denied relief. Petitioner appealed to this court strictly on the issue of ineffective assistance of counsel based upon his involuntary guilty plea. We affirm the judgment of the trial court.

"In post-conviction relief proceedings the petitioner has the burden of proving the allegations in his petition by a preponderance of the evidence." McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983). Furthermore, the factual findings of the trial court in hearings "are conclusive on appeal unless the evidence preponderates against the judgment." State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983). In reviewing the Petitioner's Sixth Amendment claim of ineffective assistance of counsel, this court must determine whether the advice given or the services rendered by the attorney are within the range of competence demanded of

attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of ineffective counsel, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense. To satisfy the requirement of prejudice, petitioner would have had to demonstrate a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985); Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991).

Petitioner argues that his guilty plea was uninformed and involuntary based upon trial counsel's failure to inform him of the effect of his status as a Range II Offender on his parole eligibility as a sex offender. At the evidentiary hearing, Petitioner testified that during his meetings with trial counsel they discussed the eight (8) years as being the minimum sentence for the attempted aggravated sexual battery charge. Petitioner claimed that counsel advised him that his status as a Range I or Range II Offender did not matter either way as far as the length of sentence was concerned. Petitioner did not know that a Range II Offender ordinarily has two (2) to four (4) felony convictions. This was Petitioner's first felony conviction. While Petitioner did not understand, he did not ask his attorney any questions. He admitted that he pled guilty freely and voluntarily, although he felt that he did not have the proper information to make the decision to plead guilty.

On cross-examination, Petitioner admitted that he responded affirmatively when questioned by the trial court at the guilty plea hearing as to whether his plea was made voluntarily.

Trial counsel testified that from the day he met the Petitioner, Petitioner said that he had a problem, he was guilty, and he did not want to go through a trial and bring these children into court. Petitioner asked counsel to get the best offer he could get as Petitioner did not have any felony convictions. When the offer was made for eight (8) years in exchange for his guilty plea, counsel met with Petitioner and explained to him that he was not going to be able to be paroled on these sex offenses. Also, counsel advised him that the difference between eight (8) years as a Range I Offender would probably not be any different than a Range II Offender because counsel did not think that Petitioner could get parole on either one.

In its order denying the Petitioner's petition for post-conviction relief, the trial court found that the Petitioner was interested at all times in settling the case and not submitting to a trial. It specifically held that trial counsel fully explained the difference between Range I and Range II sentences and that by pleading to criminal attempt as opposed to the charged offense of aggravated sexual battery, Petitioner would have the opportunity to petition the court for probation. The trial court found that trial counsel thoroughly and professionally handled all aspects of the representation from which Petitioner complains and that Petitioner received outstanding representation as required by Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975).

In light of the record and the briefs, the evidence in the case sub judice does not preponderate against the trial court's findings. As the trial court pointed out in its order, the Petitioner was interested in getting a deal and not going to trial. Equally clear is the fact that Petitioner was advised of his rights, both prior to the guilty plea hearing and during the guilty plea hearing. The record demonstrates that

the guilty plea was made voluntarily, understandingly and knowingly, and that the trial court complied with the conditions of <u>State v. Mackey</u>, 553 S.W.2d 337 (Tenn. 1977). <u>See</u> <u>Boykin v. Alabama</u>, 395 U.S. 238, 242 (1969).

In effect, the relief Petitioner truly seeks is a reduced sentence. During the evidentiary hearing, the Petitioner responded as follows to the trial court's questioning:

> Well, Judge, it really boils down to - - the simplicity of it is, I've been down for almost three years. I have a little six year old son that I've missed the last three years of his life. I have a family to take care of that -- well, my wife doesn't work. She teaches my son at home. And stuff like that. They have financial problems and problems with the cars and different things that I could help out with if I was there. And I haven't had any write-ups. No disciplinary actions at all since I've been locked up. And I was just wondering if, you know, if I could ask the mercy of the court, that I could get some type of time reduction or something to help me out with being able to go back, you know, to help my family out. That was -- as far as the time goes, you know, I've been in the army. I can do, you know, I can do the time. And, you know, I'm not changing my -- I'm not interested in changing my plea. But I would just like to see if there was any possibility of being able to get out to my family any sooner.

When asked on cross-examination if all he wanted was a "time cut," the Petitioner agreed. The court does not have the authority to reduce the Petitioner's sentence under this petition for post-conviction relief as this is not a proper ground for consideration. Tenn. Code Ann. §§ 40-30-202, -203. If Petitioner's plea was made voluntarily, knowingly and understandingly, then there is no basis regarding relief for the length of his sentence.

We affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, Judge

-5-

CONCUR:

_____
JOHN H. PEAY, Judge


_____
PAUL G. SUMMERS, Judge