# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JUNE 1998 SESSION

FILED

July 23, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **VINCENT DELANO HADLEY,** | ) | **C.C.A. NO. 02C01-9710-CR-00414** |
| | ) | |
| Appellant, | ) | |
| | ) | **SHELBY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JOSEPH B. BROWN, JR.,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-conviction) |

## ON APPEAL FROM THE JUDGMENT OF THE CRIMINAL COURT OF SHELBY COUNTY

FOR THE APPELLANT:                    FOR THE APPELLEE:

**MARK A. MESLER**                       **JOHN KNOX WALKUP**
200 Jefferson Ave., Ste. 1250          Attorney General & Reporter
Memphis, TN 38103

                                         **PETER M. COUGHLAN**
                                         Asst. Attorney General
                                         425 5th Ave. N.
                                         2nd Fl., Cordell Hull Bldg.
                                         Nashville, TN 37243-0493

                                         **WILLIAM L. GIBBONS**
                                         District Attorney General

                                         **KEVIN RARDIN**
                                         Asst. District Attorney General
                                         Criminal Justice Complex, Suite 301
                                         201 Poplar Street
                                         Memphis, TN 38103

OPINION FILED:_____

**AFFIRMED**

**DAVID H. WELLES,** JUDGE

# **O P I N I O N**

The Defendant was indicted for first-degree murder. He pleaded guilty to the charge pursuant to a negotiated plea agreement and received a sentence of life imprisonment with the possibility of parole. In this post-conviction proceeding filed in January 1995, the Defendant contends that his guilty plea must be set aside because it was not entered voluntarily and because he received ineffective assistance of counsel. After an evidentiary hearing, the trial court denied relief. We affirm.

The Defendant's murder conviction was for the killing of a two-year-old child, who died after a severe beating. The Defendant gave a statement in which he admitted that he had beaten the child because she had urinated on the couch.

At the post-conviction hearing, the Defendant and one of his two trial lawyers testified. The Defendant claimed that he had pleaded guilty because he was "scared" and "confused." He testified that the police had threatened him into giving two statements, that the police had then "changed" his statements to appear as confessions, and that he had been severely beaten by jail inmates a few days after having given his second statement. He pleaded guilty approximately one year later but "took the guilty plea because [he] was scared and confused." He admitted that he had known he was facing the death penalty if he went to trial. He further testified that his legal representation was ineffective due to inadequate investigation, inadequate communication, insufficient zealousness, misinformation, failure to move for change of venue, and failure to prepare a defense strategy.

Lead counsel for the Defendant at trial testified that she and another lawyer from the public defender's office had been assigned to the case, as well as two investigators. She testified that she had filed thirty-six motions, including a motion to suppress the Defendant's statements. The motion to suppress was denied. She explained that she had concluded a change of venue would not necessarily be in her client's best interest. Her records reflected twenty jail visits as well as additional phone calls and correspondence with the Defendant. She explained that, under the facts of the case, "There was not much strategy that could be had," and that she had advised her client "to try to enter a plea rather than to go to trial, because they were seeking the death penalty against him."

In a ruling from the bench, the trial court found the Defendant "not very credible . . . in terms of his assertions" and that "performance of counsel was adequate and reasonable under the circumstances." We agree. In this post-conviction relief proceeding, the Defendant had the burden of proving the allegations in his petition by a preponderance of the evidence. McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983). Furthermore, the factual findings of a trial court after an evidentiary hearing "are conclusive on appeal unless the evidence preponderates against the judgment." State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983). In this case, upon our review of the evidentiary hearing as well as the transcripts from the guilty plea and motion to suppress, the Defendant has simply failed to carry his burden of proof as to both of his alleged grounds for relief. The judgment below is accordingly affirmed.

_____
DAVID H. WELLES, JUDGE


CONCUR:



_____
PAUL G. SUMMERS, JUDGE



_____
JOE G. RILEY, JUDGE