# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### FEBRUARY 1999 SESSION



**FILED**

**April 19, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **JOHN R. ROBINSON,** | ) | |
| | ) | **C.C.A. NO. 02C01-9809-CC-00297** |
| Appellant, | ) | |
| | ) | **DECATUR COUNTY** |
| VS. | ) | |
| | ) | **HON. C. CREED McGINLEY,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Ineffective Assistance of Counsel) |


FOR THE APPELLANT:                    FOR THE APPELLEE:


**STEVE BEAL**                         **JOHN KNOX WALKUP**
22 Monroe St.                         Attorney General & Reporter
Lexington, TN  38351

                                      **J. ROSS DYER**
                                      Asst. Attorney General
                                      Cordell Hull Bldg., 2nd Fl.
                                      425 Fifth Ave., North
                                      Nashville, TN  37243-0493

                                      **ROBERT RADFORD**
                                      District Attorney General

                                      **JERRY WALLACE**
                                      Asst. District Attomey General
                                      P.O. Box 637
                                      Parsons, TN  38363


OPINION FILED:_____


**AFFIRMED**


**JOHN H. PEAY,**
Judge

**O P I N I O N**

The petitioner was found guilty by a jury of two counts of first degree murder and one count of arson. He was subsequently sentenced to life without parole for each murder conviction and a term of two years for the arson conviction. These sentences were to run consecutively. On direct appeal, this Court affirmed the petitioner's convictions and sentences. The petitioner subsequently filed a petition for post-conviction relief, which was dismissed by the trial court. The petitioner now appeals and argues that he did not receive the effective assistance of counsel. After a review of the record and applicable law, we affirm the judgment of the trial court.

The petitioner was convicted of the double homicide of Janice and Timmy Barnett. At the post-conviction hearing, an attorney, D. D. Maddox, testified that he was contacted by the petitioner's wife, Mrs. Robinson, with regard to the pending murder charges against her. Mr. Maddox testified that he visited the petitioner in jail and informed the petitioner that he would be representing Mrs. Robinson. Mr. Maddox told the petitioner that he would represent the petitioner until another attorney was appointed. According to Mr. Maddox, he never spoke with the petitioner about any of the facts surrounding the murders. Mr. Maddox then wrote a letter to the sheriff of Decatur County stating, "I will represent [the petitioner] in the investigative stage of this case. I expect he will receive a court-appointed lawyer . . . but prior to that appointment I want you to advise all law enforcement officers . . . that [the petitioner] is not to be questioned about any matter concerning this case . . . ." Mr. Maddox continued to represent Mrs. Robinson after the petitioner received a court-appointed attorney.

The petitioner's trial attorney, Richard DeBerry, also testified at the post-conviction hearing. He testified that during the course of the trial, he and his co-counsel tried to have Mrs. Robinson's testimony excluded on the basis of Mr. Maddox's initial

representation of the petitioner and Mrs. Robinson. Mr. DeBerry also testified that he examined the petitioner's claim that another man, Mike Woody, had actually committed the crime. According to Mr. DeBerry, he investigated Mr. Woody's alibi and could not find any witnesses to confirm or discredit the alibi. Mr. DeBerry admitted that samples had been taken from the crime scene with regard to fingerprints, hair, and clothing, but no tests had been performed on these samples. Mr. DeBerry claimed that part of his trial strategy was to raise doubt in the minds of the jury with the fact that these samples had been taken by the Tennessee Bureau of Investigation yet were never tested. Mr. DeBerry also claimed that he did not request a change of venue in this highly publicized case because he hoped that the jury would be aware of the reputation of Mr. Woody, which might lend credence to the defense's theory of innocence.

The defendant now contends that the trial court erred in dismissing his petition for post-conviction relief on the grounds that he did not receive the effective assistance of counsel. Under the Post-Conviction Procedure Act of 1995, the petitioner has the burden of proving the factual allegations in his petition by clear and convincing evidence. T.C.A. § 40-30-210(f).[1] Furthermore, the factual findings of the trial court in hearings "are conclusive on appeal unless the evidence preponderates against the judgment." State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983).

In reviewing the petitioner's Sixth Amendment claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of ineffective assistance of counsel, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that this

---

[1] Contrary to the petitioner's contention, as his petition was filed after May 10, 1995, it is governed by the Post-Conviction Procedure Act of 1995. See T.C.A. § 40-30-201 Compiler's Notes.

3

performance prejudiced the defense. There must be a reasonable probability that but for counsel's error the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985).

This Court should not second-guess trial counsel's tactical and strategic choices unless those choices were uninformed because of inadequate preparation, Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982), and counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. Williams v. State, 599 S.W.2d 276, 280 (Tenn. Crim. App. 1980).

The petitioner contends his trial counsel was ineffective based on several arguments. The petitioner first argues that his counsel should have had the hair and blood samples taken by the Tennessee Bureau of Investigation independently tested. The petitioner contends that he told his attorneys that these samples "would or could be exculpatory." However, at the post-conviction hearing, Mr. DeBerry testified that his decision not to test these samples was a trial tactic. He testified that the samples had been withdrawn by the State without being tested, a fact that was made known to the jury in an effort "to build up doubt in the case."

As stated previously, this Court will not second-guess trial counsel's tactical and strategic choices unless those choices were uninformed. In the case at bar, the petitioner's attorney made a tactical decision in an effort to discredit the State's case. The petitioner has failed to show that this decision fell below an objective standard of reasonableness. In addition, the petitioner has failed to show that his attorney's failure to have the samples independently tested prejudiced the defense. There is no evidence in the record that such tests would have revealed exculpatory information. As such, the

petitioner has failed to prove this allegation by clear and convincing evidence.  This contention is without merit.

The petitioner next contends that his trial counsel was ineffective for failing to "properly test the testimony of Mike Woody."  In addition, the petitioner claims that witnesses who might have countered Mr. Woody's alibi were not presented at trial.  At the post-conviction hearing, Mr. DeBerry testified that he explored Mr. Woody's alibi and was unable to find any witnesses to credit or discredit his alibi.  Mr. DeBerry testified that he was able to locate the log books kept at the club where Mr. Woody claimed to have been at the time of the murders.  Mr. Woody's name did not appear on the log book on the night of the murders and Mr. DeBerry used that fact at trial to attempt to discredit Mr. Woody's alibi.  There is no evidence that any other witnesses existed that could have discredited Mr. Woody's alibi.  In light of the foregoing, the petitioner has failed to establish that his trial counsel's representation was substandard that this performance prejudiced the defense.  As such, this contention is without merit.

The petitioner contends that his trial counsel was ineffective for failing to contact the Tennessee disciplinary counsel with regard to Mr. Maddox's representation of the petitioner and Mrs. Robinson in the preliminary stages of this case.  The petitioner asserts such joint representation caused a conflict of interest that led to Mrs. Robinson's waiver of spousal immunity.  Mr. DeBerry testified that he filed a motion to exclude Mrs. Robinson's testimony on the basis of Mr. Maddox's supposed conflict of interest.  This motion was denied by the trial court.  On direct appeal of this case, this Court affirmed the trial court's finding that Mr. Maddox did not receive confidential information from the petitioner and no attorney/client privilege was ever established between Mr. Maddox and the petitioner.  State v. John R. Robinson, No. 02C01-9501-CC-00024, Decatur County (Tenn. Crim. App. filed December 13, 1995, at Jackson).  Notwithstanding this, the petitioner has failed to prove there is a reasonable probability that but for his trial

5

counsel's failure to file a complaint with the appropriate disciplinary board, the result of the proceeding would have been different. In light of the foregoing, this contention is also without merit.

The petitioner further contends that his trial counsel was ineffective for failing to file a motion for a change of venue due to the high profile of the case. At the post-conviction hearing, Mr. DeBerry testified that his failure to file a motion for a change of venue helped advance his theory of the case. According to Mr. DeBerry, Mr. Woody was to be implicated in the murders and that theory "would be more sustainable in [Decatur] county than somewhere else where [Mr. Woody] was maybe unknown. It's just a tactic we decided on." As the defendant has failed to show that this tactic was uninformed due to inadequate preparation or that his defense was prejudiced by the decision not to file for a change of venue, this contention is without merit.

Accordingly, we affirm the trial court's dismissal of the petitioner's post-conviction petition.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
JOE G. RILEY, Judge

_____
JAMES C. BEASLEY, SR., Special Judge

6