IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE


**CHARLES CLAY YOUNG v. STATE OF TENNESSEE**

**Post-Conviction Appeal from the Criminal Court for White County**
**No. 94-18-F     Leon C. Burns, Jr., Trial Judge**

———————————

**No. M1999-01365-CCA-R3-PC - Decided June 16, 2000**

———————————

**ORDER**

The petitioner, Charles Clay Young, appeals from the White county trial court's order denying his petition for post-conviction relief. In 1994, the petitioner was convicted of two counts of solicitation to commit first degree murder and sentenced to consecutive ten-year sentences. His conviction was affirmed by this Court. See State v. Charles Clay Young, No. 01C01-9601-CC-00195 (Tenn. Crim. App. at Nashville, Aug. 15, 1997), *perm. to appeal denied,* (Tenn. March 2, 1998, at Nashville). Thereafter, he filed this petition for post-conviction relief alleging ineffective assistance of counsel. He specified fourteen different grounds, and the trial court, on September 24, 1999, held a hearing and heard evidence on each of these grounds. Afterwards, the trial court made explicit and detailed findings of fact as to each different ground and denied the petitioner's claim.

Petitioner now appeals the trial court's denial of his petition for post-conviction relief. On an appeal like this one, the petitioner bears a heavy burden. For example, he must present evidence and argument which overcomes the trial court's findings. See McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983); see also State v. Buford, 666 S.W.2d 473, 474 (Tenn. Crim. App. 1983). Further, on ineffectiveness claims the petitioner has the difficult burden of proving prejudice. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996). In this case, a prerequisite to the fulfillment of either of these burdens, however, is lacking. That is, the petitioner has failed to file with this Court a transcript of the trial court's post-conviction hearing. See Tenn. R. App. P. 24. This transcript is absolutely essential to our review. In its absence, we presume that the trial court's findings and rulings were supported by sufficient evidence. See State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). Accordingly, we deny the petitioner's appeal.

Further, we do note that the trial court's findings are very clear. The trial court took care to systematically address each of petitioner's numerous claims. On many of these claims, the trial court noted that the petitioner had failed to establish the requisite level of prejudice. Similarly, we note that, in his brief, the petitioner fails to articulate any convincing theory or theories of prejudice.

After review of the record, we affirm the judgment of the trial court pursuant to Tennessee Court of Criminal Appeals Rule 20.

It appearing that the petitioner, Charles Clay Young, is indigent, the costs of the appeal are taxed to the State of Tennessee.

PER CURIAM
Judge John Everett Williams
Presiding Judge Gary R. Wade
Judge Robert W. Wedemeyer