IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

FEBRUARY 1998 SESSION

FILED

August 7, 1998

Cecil W. Crowson
Appellate Court Clerk

ROGER TERRY JOHNSON          )
                            )
        Appellant           )      01C01-9705-CR-00172
                            )
                            )      DAVIDSON COUNTY
v.                          )
                            )      Hon. J. Randall Wyatt
STATE OF TENNESSEE          )
                            )      (Post Conviction)
        Appellee.           )
                            )


For the Appellant:                      For the Appellee:

Thomas A. Longaberger                   John Knox Walkup
300 James Robertson Parkway             Attorney General & Reporter
Nashville, TN. 37201
                                        Lisa A. Naylor
                                        Assistant Attorney General
                                        2d Floor, Cordell Hull Building
                                        425 Fifth Avenue North
                                        Nashville, TN. 37243-0493

                                        Victor S. Johnson, III
                                        District Attorney General

                                        Katrin Miller
                                        Assistant District Attorney
                                        Washington Square, Ste. 500
                                        222 Second Avenue South
                                        Nashville, TN. 37201-1649


OPINION FILED:_____

AFFIRMED

WILLIAM M. BARKER, JUDGE

OPINION

The appellant, Roger Terrance Johnson, appeals as of right from the Davidson County Criminal Court's dismissal of his petition for post conviction relief. We affirm the judgment of the trial court.

On December 7, 1994, the appellant pled guilty to first degree murder and second degree murder and was sentenced to life imprisonment and thirty (30) years respectively.[1] The thirty (30) year sentence for second degree murder was later modified to twenty five (25) years and eight (8) months. The trial court ordered the sentences to be served consecutively.

The appellant filed a *pro se* petition for post conviction relief on May 9, 1996, alleging that his trial counsel was ineffective in failing to properly investigate his case and in failing to file a motion to suppress his pre-trial statements. Through a newly appointed counsel, appellant filed an amended post-conviction petition raising the same grounds for relief.

Following an evidentiary hearing, the trial court dismissed appellant's petition upon finding that his trial counsel provided competent and effective assistance. The appellant contends on appeal that the trial court erred in denying him post-conviction relief.

To prevail on a claim of ineffective assistance of counsel in this proceeding, the appellant must prove by clear and convincing evidence[2] that the advice or services provided by his counsel fell below the range of competence demanded of attorneys in criminal cases. See Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Furthermore, he must demonstrate prejudice by proving that, but for counsel's incompetence, he would not have pled guilty and would have insisted upon going to trial. See Hill v. Lockart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985);

_____

[1] The murder charges in this case were based upon the 1994 deaths of Patrice Phelps and her unborn fetus. The circumstances surrounding the murders were not made a part of the record on appeal.

[2] Tenn. Code Ann. § 40-30-210(f) (Supp. 1996).

2

Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991), *per. app. denied* (Tenn. July 1, 1991).

The appellant first argues that his counsel was ineffective in failing to properly investigate his case. He contends that counsel should have interviewed additional witnesses and explored possible defenses before encouraging him to plead guilty.

At the post-conviction hearing, appellant's counsel testified that she interviewed four individuals from the State's list of twenty-two potential witnesses. Those interviewed included two police detectives who recorded appellant's confession, the appellant's sister, and a business manager who operated a local billiards hall.[3] Counsel testified that she also met with the appellant's parents on several occasions and she met with the appellant approximately eighteen times before discussing the final plea negotiation with him.

During meetings between appellant and his counsel, the appellant informed her that he suffered from a chronic addiction to drugs and alcohol. Counsel testified that she noted the appellant's substance abuses and explored a defense based upon induced dementia. However, she decided not to pursue that defense because she found no evidence that appellant was under the influence of drugs or alcohol when the crimes occurred.

Appellant's counsel testified that with the help of the Davidson County Public Defender and an investigator from the Public Defender's Office, she carefully reviewed the evidence against the appellant and determined that a plea agreement was in his best interest. The evidence against the appellant included his two confessions, positive identification of the appellant from a photograph lineup, clothing taken by police from appellant's home, bloody footprints matching his left shoe, and the victim's

---

[3]Before pleading guilty, the appellant contended that he was playing billiards at a local pool hall when the crimes occurred. Appellant's counsel investigated the possible alibi and discovered that the pool hall had a security camera which monitors and records the activities inside the business. The billiards manager, Patricia Searcy, told counsel that the recorded tapes from the evening in question could not be located. Ms. Searcy also told counsel that neither she nor her staff recalled seeing appellant at the pool hall on the evening of the crimes.

body. Based upon that evidence and the prosecution's intent to seek the death penalty at trial, appellant's counsel believed that plea negotiations were the most viable strategy for the appellant's defense.

The trial court reviewed the evidence and found nothing in counsel's investigations that rose to the level of ineffective assistance. That determination is conclusive on appeal and will not be overturned unless the evidence preponderates against the judgment. See State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983). From our review of the record, we affirm the trial court's finding and conclude that appellant's counsel conducted a sufficient investigation of the case.

The appellant also alleges that his counsel was deficient in failing to file a motion to suppress his pre-trial statements. He contends that his decision to enter guilty pleas was influenced by counsel's failure to challenge the admissibility of his pre-trial confessions.

The record reflects that the appellant confessed to the murders on two occasions following his arrest. The appellant first implicated himself in the crime while discussing the case with his parents at their family home. In the presence of police, the appellant told his parents that he was responsible for the murder of Patrice Phelps. The police thereafter took appellant back to police headquarters where he signed a "waiver of rights" form and made a second confession on video tape.

Appellant's counsel testified that she examined the statements to determine if there were grounds for a motion to suppress. Counsel discussed the matter with the appellant and decided not to file a motion to suppress. Counsel determined that the first statement made to appellant's parents was voluntary and uncoerced by State officials. As such, she believed that the first statement would be admissible against the appellant at trial.

Counsel concluded that the only possible challenge to appellant's confessions pertained to the second statement made on video tape. The appellant was

4

*mirandized* and he signed a waiver form before making the statement.  However, the interviewing police officer marked the waiver form to indicate that appellant lacked the mental capacity to make a knowing and voluntary waiver of his rights.  Appellant's counsel questioned the admissibility of the second statement; however, she nevertheless declined to file a motion to suppress.

Counsel's decision in that regard must be reviewed with deference and from the counsel's perspective at that time.  See Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).  Every effort is made to avoid judging counsel's performance from hindsight; however, we must ensure that the appellant was afforded reasonably effective and competent assistance in his case.  See id.

We agree with the trial court's finding that appellant's counsel made a tactical decision not to pursue a motion to suppress during the plea negotiations.  Counsel carefully reviewed appellant's pre-trial statements and other incriminating evidence and determined that the appellant should negotiate a settlement instead of facing a possible death sentence at trial.  Although the decision not to pursue a motion to suppress may have been incorrect or imprudent, counsel's defense strategy was based upon her preparation and knowledge of the case.  As such, we decline to second guess counsel's strategies even if other lawyers judging in hindsight may have made a better choice of tactics.  See Hellard 629 S.W.2d at 9.

We conclude that the tactical decisions and services provided by appellant's counsel were within the standard demanded of attorney's in criminal cases.  From the beginning of appellant's case, counsel pursued a plea agreement with the State and she met with the appellant approximately eighteen times to keep him informed of the negotiations and the status of his case.  The appellant faced a substantial amount of incriminating evidence and a possible death sentence if he were convicted at trial.  Under those circumstances, counsel relied upon her experience as a public defender

5

and her knowledge of the case to defend the appellant's interests and to protect his life.

Furthermore, assuming *arguendo* that appellant's counsel was somehow deficient in this case, the appellant has made no showing that but for counsel's incompetence, he would have insisted upon going to trial. The record reflects instead that the appellant was well informed of the circumstances of his case and that he chose voluntarily to enter a plea agreement in light of the evidence against him. At the plea hearing, the trial judge addressed the appellant in open court and apprised him of his rights and the consequences of pleading guilty. Appellant indicated that he understood his rights and the nature of his pleas.

In sum, the appellant has failed to carry his burden of proving that the advice and services provided by his trial counsel amounted to ineffective assistance. Appellant was fully aware that his life was at stake and that the evidence weighed heavily against him. He took the advice of counsel and entered guilty pleas to the offenses of first and second degree murder.

Having been informed of his rights and the consequences of pleading guilty, the appellant made a voluntary and knowing decision within the purview of Boykin v. Alabama, 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709 (1969), and State v. Mackey, 553 S.W.2d 337, 341 (Tenn. 1977). We, therefore, affirm the trial court's dismissal of his petition for post conviction relief.

_____
WILLIAM M. BARKER, JUDGE


CONCUR:

_____
GARY R. WADE, Presiding Judge

_____
J. CURWOOD WITT, JUDGE

6