# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JANUARY 1999 SESSION

**FILED**

March 17, 1999

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| LARRY E. DAVIS, | ) |
| Appellant, | ) C.C.A. NO. 01C01-9803-CR-00119 |
| | ) |
| | ) DAVIDSON COUNTY |
| VS. | ) |
| | ) HON. J. RANDALL WYATT, JR., |
| STATE OF TENNESSEE, | ) JUDGE |
| | ) |
| Appellee. | ) (Post-Conviction) |

FOR THE APPELLANT:                    FOR THE APPELLEE:


**LARRY B. HOOVER**                    **JOHN KNOX WALKUP**
500 Church St., Suite 500             Attorney General & Reporter
Nashville, TN 37219
                                      **KIM R. HELPER**
                                      Asst. Attorney General
                                      John Sevier Bldg.
                                      425 Fifth Ave., North
                                      Nashville, TN  37243-0493


                                      **VICTOR S. JOHNSON, III**
                                      District Attorney General


                                      **NICHOLAS D. BAILEY**
                                      Asst. District Attorney General
                                      222 Second Ave., North
                                      Suite 500
                                      Nashville, TN 37201-1649


OPINION FILED:_____



**AFFIRMED**



**JOHN H. PEAY,**
Judge

**O P I N I O N**

In 1993, the petitioner was convicted of aggravated rape, aggravated assault, aggravated burglary, and aggravated robbery. This Court affirmed the petitioner's convictions and sentence. See State v. Gregory Lamont Turner, No. 01C01-9402-CR-00068, Davidson County (Tenn. Crim. App. filed November 15, 1995, at Nashville). Nine months later, the petitioner filed a petition for post-conviction relief, alleging inter alia that his trial counsel rendered ineffective assistance and that the State violated his due process by withholding exculpatory evidence. After an evidentiary hearing, the post-conviction court denied the petitioner relief. We affirm the post-conviction court's order.

The offenses underlying the petitioner's convictions occurred at the victim's house. See Turner, No. 01C01-9402-CR-00068. According to the trial evidence, the petitioner and his three co-defendants forced their way into the victim's home. Each of the defendants searched and ransacked her home, repeatedly struck her, and demanded money from her. They wielded a gun, passing it among themselves and holding it to her head numerous times. The petitioner and two of his co-defendants repeatedly raped her, and when they left, a word processor and a television were missing from her home. Even though the victim did not positively identify the petitioner prior to trial, she positively identified him during trial as a participant in the crimes committed against her. DNA evidence linked the petitioner's co-defendants to the crime scene, but the petitioner's DNA test results were inconclusive. Moreover, his fingerprints were not found in the victim's home.

The defense's trial theory was one of misidentification. A man named Larry

2

Beddingfield was charged in a separate rape case with one of the petitioner's co-defendants in the instant case. At the post-conviction hearing, the petitioner's trial counsel, George Duzane, testified that he could not recall when he first heard the name "Larry Beddingfield," although he indicated it might have been prior to trial. He also recalled cross-examining a police officer during trial about what was done to investigate Beddingfield as a suspect in the instant case. Mr. Duzane testified he did not pursue the matter further because the petitioner had told him he had been at the crime scene with his three co-defendants and had watched and had even begun to participate in the victim's rape, but stopped short of actually penetrating the victim. Shortly after his arrest, the petitioner had given a similar statement, which was videotaped, to the police, except he omitted the details regarding his desire to participate in the victim's rape.

Knowing this, and knowing that the State knew this, Mr. Duzane testified he could not in good faith argue that the petitioner had not been at the crime scene and that Beddingfield had been there instead. Mr. Duzane also testified that his only alternative, then, was to have argued that Beddingfield and the petitioner had both been at the crime scene, but he had concluded that the petitioner would not have benefitted from him arguing that five people---the petitioner, his three co-defendants, and Beddingfield---had been at the crime scene instead of only four, as the victim had testified. Moreover, Mr. Duzane testified that he was concerned the petitioner would be found guilty as an aider and abettor or as a co-conspirator if it was revealed that the petitioner was at the crime scene but did nothing to prevent the crime. In order to prevent his videotaped statement to the police from being introduced into evidence against him, the petitioner decided not to testify at trial.

Further, Mr. Duzane testified that he likely met with the petitioner twice at

3

the jail and every time he came to court in order to discuss the issues, update him on the case, and advise him what the other co-defendants were doing in the case. He testified he frequently spoke with the petitioner and the petitioner's mother on the telephone. A time sheet reflecting almost 83 hours of work spent in connection with the case was entered into evidence, and Mr. Duzane testified that the time sheet did not reflect all of his work on the case nor any of the work his law clerk completed. The petitioner admitted Mr. Duzane met with him five or six times and that he was updated on his case during those meetings.

The petitioner first argues that he was denied effective assistance of counsel because Mr. Duzane failed to adequately advise him about his case and meet with him prior to trial. In reviewing a Sixth Amendment claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). In order to prevail, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense. There must be a reasonable probability that but for counsel's error, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985).

According to the petitioner, Mr. Duzane's failure to meet with him more frequently made it "impossible" for him "to assist in the preparation of his trial." Even assuming this was true, the petitioner has not shown a reasonable likelihood that but for Mr. Duzane's actions, the outcome of the trial would have been different. Thus, the petitioner's ineffective assistance claim must fail. See Strickland, 466 U.S. at 687-88,

4

692, 694 (1984); Baxter, 523 S.W.2d at 936.

The petitioner also argues that he was denied effective assistance of counsel because Mr. Duzane failed to adequately investigate and prepare for trial. According to the petitioner, Mr. Duzane should have more fully investigated the theory that Larry Beddingfield was involved in the instant case because he was charged in a separate rape case with one of the petitioner's co-defendants in the instant case. The petitioner claims that if Mr. Duzane would have "raised the issue of Larry Beddingfield being a co-defendant with one of the Petitioner's co-defendants in the instant case, it would have certainly required at least a partial severance of this matter."

Although it is a little unclear, it seems the petitioner is arguing, at least in part, that Mr. Duzane should have pursued the theory that the petitioner had been confused with a man named Larry Beddingfield and that Beddingfield, not the petitioner, actually committed the crimes at issue. The post-conviction court specifically found that Mr. Duzane "performed well within the range of competence demanded of criminal defense attorneys in his handling of this particular case." The petitioner has not overcome this factual finding by a preponderance of the evidence. See State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983). Even assuming that Mr. Duzane's actions can be faulted, the petitioner is still not entitled to relief because he has not shown a reasonable likelihood that but for Mr. Duzane's actions, the result of his trial would have been different. According to the evidence presented at the post-conviction hearing, the petitioner had told police he had been at the scene of the crime, and at trial, the victim identified the petitioner as one of the men who entered her house, destroyed her belongings, held a gun to her head, and raped her. As Mr. Duzane stated, we fail to appreciate what benefit could have been derived from arguing that five people rather than

5

four were present at the crime scene. Accordingly, the petitioner's argument must fail.

The petitioner does not explain why he believes at least a partial severance would have been required if Mr. Duzane had argued that Beddingfield participated in the crimes. The record is clear, however, that a severance would have carried several disadvantages. Mr. Duzane testified that had the petitioner's case been severed, his co-defendants, whose statements all implicated the petitioner's involvement in the crimes, would have likely testified and other incriminating evidence to which the State had access would have likely been admitted into evidence against him. Thus, Mr. Duzane agreed, joinder of the case gave the petitioner the opportunity to pursue the misidentification defense theory, which would not have been possible with a severance. Because this Court will not second-guess tactical choices unless those choices were uninformed because of inadequate preparation, Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982), and because the petitioner has not shown that Mr. Duzane's choice of defense strategy was uninformed, the petitioner's argument fails.

The petitioner also argues that he is entitled to a new trial because the State's failure to disclose information concerning Beddingfield violated his due process right to exculpatory evidence under Brady v. Maryland, 373 U.S. 83 (1963). In order to establish a due process violation under Brady, the State must have suppressed material information that was favorable to the accused. State v. Edgin, 902 S.W.2d 387, 390 (Tenn. 1995)(as amended on rehearing). Additionally, the defendant must have requested the information, unless the information was obviously exculpatory, in which case the State is bound to release the information regardless of whether the defendant requested it. Id.

6

Here, Mr. Duzane testified that he could not recall when he first heard Beddingfield's name, but he indicated it might have been prior to trial. He also testified that he did not believe that the information concerning Beddingfield was exculpatory in light of the fact that the petitioner had admitted being at the crime scene. The post-conviction court found that the State did not suppress any information concerning Beddingfield and that even if it had, the petitioner "would not have been prejudiced by any late disclosure of the challenged information at trial." The post-conviction court further found that "based on the particular facts of this case . . . the Beddingfield information was not necessarily favorable to the petitioner or material to his defense." The petitioner has not overcome these findings, which are fully supported by the record. Accordingly, the petitioner's argument must fail. See Edgin, 902 S.W.2d at 389; see also Buford, 666 S.W.2d at 475 (factual findings are conclusive on appeal unless overcome by a preponderance of the evidence).

In sum, the petitioner has not shown entitlement to post-conviction relief. Accordingly, we affirm the post-conviction court's order denying his petition.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
JERRY L. SMITH, Judge

_____
THOMAS T. WOODALL, Judge