IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

APRIL 1999 SESSION

FILED

May 13, 1999

Cecil W. Crowson
Appellate Court Clerk

DERRICK SAWYERS,                    )
                                    )        C.C.A. NO. 01C01-9806-CR-00254
              Appellant,            )
                                    )        DAVIDSON COUNTY
VS.                                 )
                                    )        HON. J. RANDALL WYATT, JR.,
STATE OF TENNESSEE,                 )        JUDGE
                                    )
              Appellee.             )        (Post-Conviction)


FOR THE APPELLANT:                       FOR THE APPELLEE:


PAUL J. BRUNO                            PAUL G. SUMMERS
Washington Square, Suite 350M            Attorney General & Reporter
222 Second Ave., North
Nashville, TN 37201                      MARVIN E. CLEMENTS, JR.
                                         Asst. Attorney General
                                         John Sevier Bldg.
                                         425 Fifth Ave., North
                                         Nashville, TN  37243-0493


                                         VICTOR S. JOHNSON, III
                                         District Attorney General


                                         LILA STATUM
                                         Asst. District Attorney General
                                         Washington Square, Suite 500
                                         222 Second Ave., North
                                         Nashville, TN 37201


OPINION FILED:_____



AFFIRMED



JOHN H. PEAY,
Judge

**O P I N I O N**

The petitioner was charged with first-degree murder, possession of cocaine over .5 grams with the intent to sell, and possession of cocaine under .5 grams with the intent to sell. After negotiations, the petitioner entered into a plea agreement and pled guilty to second-degree murder and to the drug offenses as charged. On the second-degree murder charge, the trial court sentenced the petitioner as a violent offender to twenty-five years in prison at one hundred percent. On the drug charges, the trial court sentenced the petitioner as a Range I standard offender to a concurrent eight year prison sentence and a consecutive three year prison sentence, for an effective sentence of twenty-eight years. In May 1997, the petitioner filed a petition for post-conviction relief, alleging that he was denied effective assistance of counsel and that his guilty pleas were not knowingly, intelligently, and voluntarily made. Following a hearing, the post-conviction court denied the petitioner relief. The petitioner now appeals. Finding no error, we affirm the denial of relief.

Under the Post-Conviction Procedure Act of 1995, the petitioner has the burden of proving the factual allegations in his or her petitioner by clear and convincing evidence. T.C.A. § 40-30-210(f). Furthermore, the factual findings of the trial court in hearings "are conclusive on appeal unless the evidence preponderates against the judgment." State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983).

The petitioner first argues that his trial counsel, Carlton Lewis, was ineffective. In reviewing the petitioner's Sixth Amendment claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases.

2

Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of ineffective counsel, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense. There must be a reasonable probability that but for counsel's error the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985). A petitioner who pleads guilty satisfies the requirement of prejudice by demonstrating a reasonable probability that but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. See Hill v. Lockart, 474 U.S. 52, 59 (1985); Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991).

The petitioner claims Mr. Lewis was ineffective because he met with him to discuss his case only once between his arraignment and his guilty plea hearing. As support for this argument, the petitioner points to his testimony at the post-conviction hearing and Mr. Lewis's testimony that his time sheet reflected he met with the petitioner only once. Mr. Lewis, however, also testified that his time sheet did not reflect every time he met with the petitioner and that he specifically recalled meeting with him at least four times at the jail. The petitioner also claims that Mr. Lewis was ineffective by not discussing the drug cases with him. The petitioner's only evidence for this argument is his own testimony. To contrast, Mr. Lewis testified that while he focused primarily on the homicide case, he did discuss the drug cases with the petitioner. Further, the petitioner claims that Mr. Lewis was ineffective for advising him he would be released from prison in ten or fifteen years, which is contrary to the law. Again, the petitioner's only evidence is his own testimony, while Mr. Lewis testified that he never so advised the petitioner, that he never attempts to calculate release dates, and that he told the petitioner he would have to serve over fifty years if convicted on first-degree murder charges. On all of these

3

points, the post-conviction court specifically accredited Mr. Lewis's testimony in a written order, finding the petitioner's testimony not credible. Because the evidence does not preponderate otherwise, these findings are conclusive. Buford, 666 S.W.2d at 475.

Regarding his plea to second-degree murder, the petitioner claims Mr. Lewis was ineffective for interviewing only three or four witnesses listed on the murder indictment, failing to show him a copy of the discovery response provided by the State, and failing to accurately inform him of the evidence the State had. He complains that Mr. Lewis did not inform him that one of the witnesses, Angela Lee, had said the petitioner was not the individual who shot the victim. The petitioner also contends that had he been aware that another of the witnesses, Sheila Alexander, could have testified she saw the victim of the shooting reach into his pocket, he would not have pled guilty because he could have established self-defense at trial.

At the post-conviction hearing, Mr. Lewis recalled reviewing "in some detail" the discovery response and the State's evidence with the defendant. He also testified that he sent to every non-emergency personnel witness listed on the murder indictment a letter requesting to talk to them. Because the letters did not generate much response, he went to the apartment complex where the shooting occurred and knocked on nearly every door. Still, most of the witnesses were reluctant to cooperate. Mr. Lewis testified that Ms. Lee's statement that the petitioner was not the shooter would not have been helpful to the petitioner's case because Ms. Lee had originally identified the petitioner as the shooter to police investigators and because the petitioner was not asserting an alibi defense. With regard to Ms. Alexander's potential testimony, Mr. Lewis testified that there were inconsistencies between her statement to investigators and her testimony at the preliminary hearing. He also testified that even if she would have testified she saw

4

the victim reach into his pocket shortly before the shooting, her testimony would not have supported a self-defense theory because a gun was not found on the victim and because the victim was shot in the back.

Again, the post-conviction court accredited Mr. Lewis's testimony on each of these points. The post-conviction court also specifically questioned Ms. Alexander's credibility as a potential witness for the petitioner. The court further found, "It is evident to the Court that Mr. Lewis was cognizant of the shortcomings in his case and that he advised his client accordingly." Because the evidence does not preponderate otherwise, these findings are conclusive. Buford, 666 S.W.2d at 475. Moreover, even if Mr. Lewis's representation fell below a reasonable standard, the petitioner has not shown how he was prejudiced. Accordingly, the petitioner's claims of ineffective assistance must fail. Bankston, 815 S.W.2d at 215.

In his last issue, the petitioner argues his guilty pleas were not knowingly, intelligently, and voluntarily entered because he did not understand the significant consequences of his pleas. To support this argument, the petitioner cites his testimony that Mr. Lewis did not correctly explain his potential release eligibility and that he failed to discuss his drug cases with him. As discussed above, these claims lack merit.

As additional support for his argument, the petitioner claims Mr. Lewis failed to review his plea petitions with him and that he did not know that his three year sentence on one of his drug charges would be consecutive to his murder sentence. Mr. Lewis's testimony at the post-conviction hearing directly contradicted these claims, and the post-conviction court specifically accredited Mr. Lewis's testimony and noted that the sentencing court "also explained the terms of the petitioner's sentence in its entirety prior

to the entry of the plea."

Further, the petitioner claims that because he dropped out of high school, Mr. Lewis should have spent a "significant amount of time" with him to ensure he understood the consequences of his pleas. Mr. Lewis testified he spent "quite a bit of time" going over the case with the petitioner because he was aware of the petitioner's limited education and because of the seriousness of the offenses. The post-conviction court again accredited Mr. Lewis's testimony.

Finally, the petitioner claims his pleas were not knowingly, intelligently, and voluntarily made because Mr. Lewis pressured him into pleading guilty. At the post-conviction hearing, the petitioner testified Mr. Lewis "pressured" him into pleading guilty by telling him he would not win at trial. Mr. Lewis denied pressuring or coercing the petitioner to plead guilty, and in its order, the post-conviction court noted there was no evidence suggesting "Mr. Lewis coerced or pressured the petitioner into accepting the plea agreement." The petitioner's argument lacks merit.

In sum, the petitioner has not shown how he was denied effective assistance of counsel or how his pleas were not knowingly, intelligently, and voluntarily made. Accordingly, we affirm the trial court's denial of post-conviction relief.

_____
JOHN H. PEAY, Judge

6

CONCUR:

_____
DAVID H. WELLES, Judge


_____
J. CURWOOD WITT, JR., Judge