# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JANUARY SESSION, 1999

FILED

April 8, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **ROBERT LEE SHEFFIELD,** | ) | **C.C.A. NO. 01C01-9803-CR-00098** |
| | ) | |
| Appellant, | ) | |
| | ) | **DAVIDSON COUNTY** |
| **V.** | ) | |
| | ) | |
| | ) | **HON. STEVE R. DOZIER, JUDGE** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee. | ) | **(POST-CONVICTION)** |

| FOR THE APPELLANT: | FOR THE APPELLEE: |
|---|---|
| **WILLIAM M. KALUDIS** | **JOHN KNOX WALKUP** |
| 211 Third Avenue North | Attorney General & Reporter |
| Nashville, TN 37201 | |
| | **TIMOTHY BEHAN** |
| | Assistant Attorney General |
| | 2nd Floor, Cordell Hull Building |
| | 425 Fifth Avenue North |
| | Nashville, TN 37243 |
| | |
| | **VICTOR S. JOHNSON, III** |
| | District Attorney General |
| | |
| | **JON SEABORG** |
| | Assistant District Attorney General |
| | Washington Square, Suite 500 |
| | 222 2nd Avenue North |
| | Nashville, TN 37201-1649 |

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, Robert Lee Sheffield, appeals as of right the Davidson County Criminal Court's dismissal of his petition for post-conviction relief. In this appeal, Petitioner argues that he received the ineffective assistance of trial counsel. After a careful review of the record, we affirm the judgment of the trial court.

Petitioner pled guilty to weapon and drug offenses on February 6, 1997. He filed a petition for post-conviction relief on July 31, 1997, and an amended petition on October 8, 1997. Following a hearing, the trial court dismissed the petition, finding that Petitioner had entered a voluntary plea and that he had received the effective assistance of counsel.

In post-conviction proceedings, the burden is on the petitioner to prove his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). This Court must give the findings of the trial court the weight of a jury verdict, and the judgment of the trial court will not be reversed unless the evidence contained in the record preponderates against the findings of fact made by the trial court. State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983). Our supreme court has held:

> If the transcript shows that the petitioner was aware of his constitutional rights, he is not entitled to relief on the grounds that the mandated advice was not given. Also, if all the proof presented at the post-conviction hearing, including the transcript of the guilty plea hearing, shows that the petitioner was aware of his constitutional rights, he is not entitled to relief.

Johnson v. State, 834 S.W.2d 922, 926 (Tenn. 1992).

In determining whether counsel provided effective assistance at trial, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To succeed on a claim that his counsel was ineffective at trial, a petitioner bears the burden of showing that his counsel made errors so serious that he was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the petitioner resulting in a failure to produce a reliable result. Strickland v. Washington, 466 U.S. 668, 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674, reh'g denied, 467 U.S. 1267 (1984); Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). To satisfy the second prong the petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding petitioner's guilt. Strickland, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994) (citation omitted). In regard to guilty pleas, the petitioner must establish a reasonable probability that, but for the errors of counsel, he would not have entered into the plea. Adkins v. State, 911 S.W.2d 334, 349 (Tenn. Crim. App. 1994).

When reviewing trial counsel's actions, this Court should not use the benefit of hindsight to second-guess strategy and criticize counsel's tactics. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Counsel's alleged errors should be judged at the time they were made in light of all facts and circumstances. Strickland, 466 U.S. at 690; see Cooper, 849 S.W.2d at 746.

We have reviewed Petitioner's various claims and we find that Petitioner has failed to present any evidence showing that his attorney represented him in any manner other than competently. In its Order denying Petitioner's petition for post-conviction relief, the trial court found the following:

> After reviewing the transcript of the plea, the exhibits introduced during the hearing, and considering the testimony introduced at the hearing, this Court is of the opinion that the petition for post conviction should be and is hereby denied. The Court finds that based on the proof in this cause, that the petitioner was adequately advised of his rights in open court and explained those same rights by his counsel prior to the plea. The Court finds that [trial counsel] provided more than adequate representation of the petitioner. The petitioner failed to show that counsel's representation fell below the standard required by Strickland v. Washington and Baxter v. Rose [citations omitted]. The proof in this cause was abundantly clear that [trial counsel] provided more than adequate representation including personal visits and phone conversations with the petitioner and his mother prior to the plea being entered in this case. The petitioner was specifically asked at the time of the plea whether he was satisfied with his attorney and whether or not any possible defenses had been investigated and he gave an affirmative response.

We agree with the trial court's findings. It should be noted that Petitioner does not argue in his brief on appeal that he was not advised of his constitutional rights in open court when he pled guilty. Instead, he focuses his argument on his trial counsel's alleged failure to "conduct an adequate pre-trial investigation into the facts and circumstances of his case and that, as a result of such failure, he was coerced into pleading guilty to offenses for which he was not guilty." Petitioner testified at the hearing that he informed his trial counsel of the identities and locations of several important defense witnesses. His trial counsel testified that he told Petitioner, "[W]e can chase all the witnesses that you want to; but I don't want you to send me after

-4-

anybody except a truthful witness that will tell your side of it fully," and that Petitioner said he did not have any witnesses like that. He further stated that Petitioner never gave him any specific names of witnesses or any addresses where witnesses could be located. Trial counsel also noted at the hearing that there "was a prosecutorial eyeball witness to every case that we entered a plea, and alibi never entered into it."

Petitioner also alleges that his trial counsel failed to discuss his case with him. Petitioner testified at the hearing that he met with his trial counsel only once. However, his trial counsel testified that he met with Petitioner three times in person and talked with him several times on the phone. He also said that he would relay messages to Petitioner by Petitioner's mother. He estimated that he spent at least thirty hours on Petitioner's case. Petitioner also asserts that his trial counsel informed him that he should plead guilty, despite Petitioner's wish not to plead guilty. However, his trial counsel testified that both he and the trial court fully informed Petitioner of his constitutional rights before he pled guilty, and that if Petitioner had voiced any disagreement with the plea then he would "[a]bsolutely not" have let Petitioner sign the plea form.

The trial court chose to accredit the testimony of Petitioner's trial counsel. Questions concerning the credibility of witnesses and the weight and value to be given their testimony are resolved by the trial court, not this Court. See Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). The evidence contained in the record does not preponderate against the trial court's finding that Petitioner received the effective assistance of counsel.

Based on all the foregoing, we affirm the trial court's dismissal of Petitioner's petition for post-conviction relief.

_____
THOMAS T. WOODALL, Judge


CONCUR:


_____
JOHN H. PEAY, Judge


_____
DAVID H. WELLES, Judge