IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

AUGUST SESSION, 1998

FILED

September 23,1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| ARTHUR R. TURNER, | ) | C.C.A. NO. 01C01-9707-CR-00274 |
| | ) | |
| Appellant, | ) | |
| | ) | DAVIDSON COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. THOMAS H. SHRIVER, JUDGE |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee. | ) | (POST-CONVICTION) |

FOR THE APPELLANT:

DAVID A. COLLINS
211 Printers Alley Building
Fourth Floor
Nashville, TN 37203

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

TIMOTHY F. BEHAN
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243

VICTOR S. JOHNSON, III
District Attorney General

NICHOLAS A. BAILEY
Assistant District Attorney General
Washington Square
222 Second Avenue North, Suite 500
Nashville, TN 37201-1649

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, Arthur R. Turner, appeals as of right the trial court's dismissal of his petition of post-conviction relief. Petitioner raises the following two issues in this appeal: (1) whether he received the effective assistance of counsel and (2) whether it was plain error for the trial court to run his aggravated rape sentence consecutive to his other sentences. We affirm the judgment of the trial court.

Defendant was indicted on four counts of aggravated rape, one count of especially aggravated kidnapping, one count of aggravated robbery, and one count of attempted aggravated rape. Petitioner pled guilty to especially aggravated kidnapping, aggravated robbery and two counts of aggravated rape. The sentences were to run concurrent, except for the rape sentences which were to run consecutive to each other for an effective sentence of forty years.

The trial court, following the post-conviction hearing, summarized the facts as follows:

> On March 15, 1995, Petitioner Anthony Turner approached [victim] at a fitness center near the Hermitage area, forced her into her car at gunpoint, took her to a nearby location in Davidson County and raped her. Petitioner then placed [victim] in the trunk of the car, drove her to a location near the Rivergate area in Davidson County and raped her again. He subsequently placed [victim] back into the trunk and took a nap in her car. He awoke sometime the following morning and drove to McDonald's where he bought [victim] something to eat and permitted her to use the restroom. Petitioner then put her back into the trunk and drove to his girlfriend's house in Smyrna. While he was sleeping inside, [victim] escaped and contacted the police. Shortly thereafter, petitioner was arrested.

The trial court further found the following in regard to Petitioner's trial counsel:

> [He] personally met with petitioner on eight or nine occasions and spoke with him on the phone several times. He explained that the original offer of (50) years was negotiated down to forty (40). [Trial counsel] mentioned the possibility of a sentencing hearing to petitioner, but felt that such a hearing would not have been helpful. [Trial counsel] added that petitioner did not want a trial, that the case was particularly bad in that the activities continued over the course of a twelve (12) hour period, and that there was really no good solution for petitioner. [Counsel] did not remember discussing State v. Anthony, 817 S.W.2d 299 (Tenn. 1991), with petitioner.

## I. Assistance of Counsel

Petitioner argues that he received ineffective assistance of counsel because he was allowed to plead guilty to aggravated robbery and especially aggravated kidnapping in violation of State v. Anthony, 817 S.W.2d 299 (Tenn. 1991). He also argues that his trial counsel allowed him to plead outside his sentencing range.

In post-conviction proceedings, the petitioner bears the burden of proving the allegations in his petition by a preponderance of the evidence. See McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983). This Court must give the findings of the trial court the weight of a jury verdict, and the judgment of the trial court will not be reversed unless the evidence contained in the record preponderates against the findings of fact made by the trial court. State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983). Our supreme court has held:

> If the transcript shows that the petitioner was aware of his constitutional rights, he is not entitled to relief on the grounds that the mandated advice was not given. Also, if all the proof presented at the post-conviction hearing, including the transcript of the guilty plea hearing, shows

> that the petitioner was aware of his constitutional rights, he
> is not entitled to relief.

Johnson v. State, 834 S.W.2d 922, 926 (Tenn. 1992).

In determining whether counsel provided effective assistance at trial, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To succeed on a claim that his counsel was ineffective at trial, a petitioner bears the burden of showing that his counsel made errors so serious that he was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the petitioner resulting in a failure to produce a reliable result. Strickland v. Washington, 466 U.S. 668, 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674, reh'g denied, 467 U.S. 1267 (1984); Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). To satisfy the second prong the petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding petitioner's guilt. Strickland, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994) (citation omitted). In regard to guilty pleas, the petitioner must establish a reasonable probability that, but for the errors of counsel, he would not have entered into the plea. Adkins v. State, 911 S.W.2d 334, 349 (Tenn. Crim. App. 1994).

When reviewing trial counsel's actions, this Court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Counsel's alleged errors should be judged at

-4-

the time they were made in light of all facts and circumstances. Strickland, 466 U.S. at 690; see Cooper, 849 S.W.2d at 746.

Petitioner claims that the robbery in this case was incidental to the kidnapping. In State v. Anthony, our supreme court explained the proper analysis for this issue as "whether the confinement, movement, or detention is essentially incidental to the accompanying felony and is not, therefore, sufficient to support a separate conviction for kidnapping, or whether it is significant enough, in and of itself, to warrant independent prosecution and is, therefore, sufficient to support such a conviction." 817 S.W.2d at 306. The Court went on to say that "one method of resolving this question is to ask whether the defendant's conduct 'substantially increased [the] risk of harm over and above that necessarily present in the crime of robbery itself.'" Id. (citation omitted).

Defendant also argues that the kidnapping and robbery charges should be merged into the rape. The Tennessee Supreme Court recently held that "Anthony and its progeny . . . are not meant to provide the rapist a free kidnapping merely because he also committed rape [footnote omitted]. The Anthony decision should only prevent the injustice which would occur if a defendant could be convicted of kidnapping where the only restraint utilized was that necessary to complete the act of rape or robbery. Accordingly, any restraint in addition to that which is necessary to consummate rape or robbery may support a separate conviction for kidnapping." State v. Dixon, 957 S.W.2d 534-35 (Tenn. 1997).

In the case sub judice, Petitioner took the victim's car by gunpoint. He then forced her into the trunk of her own car, drove her around, and raped her repeatedly

over a twelve hour period. The risk of harm to the victim beyond the robbery itself was certainly increased as Defendant chose to lock the victim in the car trunk for hours at a time, and the restraint applied to the victim went well beyond that which was necessary to complete the rape or robbery. Clearly, these are all separate and distinct crimes and they are not incidental to one another in this case. Therefore, we agree with the trial court's finding that Petitioner's trial counsel was not ineffective for failing to make an Anthony challenge.

Petitioner also argues that his trial counsel was ineffective for allowing him to plead outside his sentencing range. Our review of the record indicates that he pled within the range but above the presumptive sentence. Petitioner does not challenge the voluntariness of his plea. Therefore, since his plea was entered knowingly and voluntarily, the sentence is valid. Hicks v. State, 945 S.W.2d 706 (Tenn. 1997). Furthermore, the trial judge noted in his order that had Petitioner gone to trial and been convicted he could have faced a sentence of fifty years on just partially enhanced and consecutively-run sentences. The trial judge went on to say that the trial court could have even enhanced all the sentences and run them all consecutively for a total of seventy-five years in confinement. Without Petitioner's trial counsel having negotiated with the State, Petitioner would not likely have received the forty year sentence that he did. We find that Petitioner has failed to present any evidence that shows that his attorney represented him in any other manner than competently.

II. Consecutive Sentencing

Petitioner argues that consecutive sentencing was illegal because the crime spree was one continuing criminal episode. We agree with the trial court's finding that these were multiple crimes. In fact, each rape was a separate crime. <u>See</u> <u>State v. Phillips</u>, 924 S.W.2d 662 (Tenn. 1996). Thus, there is no plain error.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
L.T. LAFFERTY, Special Judge