# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### DECEMBER 1997 SESSION

FILED

January 9, 1998

Cecil W. Crowson
Appellate Court Clerk

CURTIS ANTHONY MILLER, )
)
    Appellant, )
)
V. )
)
)
)
STATE OF TENNESSEE, )
)
    Appellee. )

) C.C.A. No.  01C01-9701-CR-00026
) Davidson County
) Honorable Seth Norman, Judge
) (Post-Conviction: Ineffective Assistance
) of Counsel)

FOR THE APPELLANT:

Jennie L. Brown
229 Summit Ridge Drive
Nashville, TN 37215

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Clinton J. Morgan
Counsel for the State
450 James Robertson Parkway
Nashville, TN 37243-0493

Victor S. Johnson, III
District Attorney General

Roger Moore
Assistant District Attorney General
Washington Square, Suite 500
222-2nd Avenue North
Nashville, TN 37201-1649

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

The appellant, Curtis Anthony Miller, appeals the denial of post-conviction relief. He was convicted of second degree murder in February 1993 and was sentenced to twenty years in prison. This Court affirmed his conviction in June 1994. In this post-conviction petition, the appellant's sole issue is that he was denied effective assistance of counsel. An evidentiary hearing was held on August 23, 1996, and the appellant was denied post-conviction relief. We affirm.

The appellant argues that his attorney was ineffective solely because he failed to call as a witness Carl Miller, the appellant's brother. The appellant argues that his brother would have testified that the appellant and the victim, Johnny Hicks, had argued earlier in the day about a pack of cigarettes. The appellant maintains that his brother's testimony would have helped his case, which was based on self-defense, because his testimony would have been evidence of the victim as the first aggressor.

The appellant concedes that he and his attorney got along well and that he followed his attorney's advice on issues related to his trial. He admits that he, Carl, and his attorney discussed whether Carl should testify, and they decided that he should not because of his felony record. The appellant, however, now contends that he was prejudiced by this decision not to call his brother at trial.

The state asserts that the trial court did not err in denying post-conviction relief. It maintains that Carl Miller's testimony at the post-conviction hearing indicated that the argument between the appellant and the victim "did not amount to anything." The state also notes that although the trial judge did not produce written findings of fact and conclusions of law, he pronounced his findings from the bench. The state argues that this oral pronouncement is sufficient in light of the appellant's meritless claim of ineffective assistance of counsel.

-2-

To be granted relief on the ground of ineffective assistance of counsel, an appellant must establish that the advice given or the services rendered were not within the competence demanded of attorneys in criminal cases and that, but for counsel's deficient performance, the result of his or her trial would have been different. Strickland v. Washington, 466 U.S. 668 (1984). In Tennessee, the appropriate test is whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975).

In post-conviction proceedings, petitioners bear the burden of proving their allegations by a preponderance of the evidence. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990); McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983). Furthermore, the trial court's findings of fact in post-conviction hearings are conclusive on appeal unless the evidence preponderates against those findings. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990); State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983); Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978).

First, the attorney's decision not to call the appellant's brother was a strategic decision made apparently with input from the appellant and his brother. Because the appellant is now unhappy with the outcome of his trial does not make his attorney's performance at trial deficient. This issue is without merit. Second, with regard to the trial court's pronouncement of its findings from the bench, Tennessee Code Annotated § 40-30-211(b) (Supp. 1996) requires that the trial court enter an order or written memorandum regarding findings of fact and conclusions of law for each ground presented.[1] Because the appellant's

---

[1] This statute provides:

> Upon the final disposition of every petition, the court shall enter a final order, and except where proceedings for delayed appeal are allowed, shall set forth in the order or a written memorandum of the case all grounds presented, and shall state the findings of fact and conclusions of law with regard to each such ground.

Tenn. Code Ann. § 40-30-211(b) (Supp. 1996).

claim of ineffective assistance of counsel is baseless, we find that any error by the trial court in not reducing its findings to writing in this particular case was harmless. Tenn. R. Crim. P. 52(a). However, in another case, failure to follow Tenn. Code Ann. § 40-30-211(b) might not be harmless.

Accordingly, we affirm the denial of post-conviction relief.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
JOSEPH B. JONES, Presiding Judge

_____
WILLIAM M. BARKER, Judge